# Hawley Coal Company et al. v. Bruce.

(Decided Jan. 23, 1934.)

LOW & BRYANT and R. L. MADDOX for appellants.
ISHAM G. LEABOW and J. E. SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This action was originally brought in the Bell circuit court by Eliza Bruce against Walter E. Price to

recover a board bill of $413.33. Attachment was issued and levied upon "all the right, title, interest, claim or demand of the defendant, Walter E. Price, in and to the certain tracts or parcels of land lying in Bell County, Kentucky," and belonging to the Hawley Coal Company.

Later on Mrs. Bruce filed an amended petition pleading that the Hawley Coal Company had closed its business as a corporation, and that the title to its property was in the defendant Price, and that the attached real estate was all the property real or personal belonging to the defendant, who was insolvent. Price, who was duly summoned, made no defense, and judgment was rendered sustaining the attachment, and ordering the real estate belonging to the Hawley Coal Company to be sold. Before the date of sale, Price died. At the sale Mrs. Bruce became the purchaser, and later on filed a second amended petition making the Hawley Coal Company, Mary E. Price, widow of Walter E. Price, and W. O. Pollard, parties defendant, and asking that the individual defendants be required to show what interest or claim they had in the property. After their demurrer had been overruled, the new defendants filed an answer denying the allegations of the petition and amended petition, and presenting several defenses, including the defense that the title to the attached property was in the Hawley Coal Company, and that Walter E. Price had no interest therein. After hearing the evidence, the chancellor set aside the former sale of the property, and adjudged that Walter E. Price was the sole owner of the stock of the corporation, that his property was subject to his individual debts, and ordered a sale of the land to satisfy Mrs. Bruce's judgment. From that judgment this appeal is prosecuted.

On the hearing there was evidence that on June 18, 1925, Walter E. Price, who then owned all the stock in the Hawley Coal Company, indorsed and transferred the certificates to his wife, in consideration of her giving a deed of trust on her land in Virginia to secure his indebtedness of $18,000 to the Citizens' Bank & Trust Company, and that under the arrangement appellant Pollard was to have 12½ shares of the stock. The transfer or assignment is assailed on the ground that it was not acknowledged and recorded as required by section 2128, Kentucky Statutes, which reads as follows:

"A married woman may take, acquire and hold

property, real and personal, by gift, devise or descent, or by purchase, and she may, in her own name, as if she were unmarried, sell and dispose of her personal property. She may make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract; but she shall have the power and right to rent out her real estate, and collect, receive and recover in her own name the rents thereof, and make contracts for the improvement thereof. A gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing, and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded; but the recording of any such writing shall not make valid any such gift, transfer or assignment which is fraudulent or voidable as to creditors or purchasers.''

It will be observed that the statute provides that a gift, transfer, or assignment of personal property between husband and wife shall not be valid as to third persons, unless the same be in writing and acknowledged and recorded as chattel mortgages are required by law to be acknowledged and recorded, and the particular question for consideration is whether the provision applies to intangible personal property. In Kentucky Law Journal, vol. 13, p. 175, there is an able and interesting discussion of ''Transfers of Corporate Stock between Husband and Wife in Kentucky.'' The article presents a careful analysis of the various decisions bearing on the question, either directly or indirectly, and points out the purposes of the act and the objections to the view that it applies to intangible personal property. Particular emphasis is placed on the fact that the object of the Legislature was to prevent the transfer of personal property on the ostensible possession of which credit was extended, Jones v. Louisville Tobacco Warehouse Company, 135 Ky. 824, 121 S. W. 633, 123 S. W. 307, and that, at the time of the enactment of the statute, mortgages of intangible personal property were not valid, and did not operate as constructive notice to third persons. U. S. Bank v. Huth, 4 B. Mon. 423. In construing the statute but little effect can be given to the question of ostensible ownership.

Under the statute, the wife, as well as the husband, may own personal property. As they live together, in many instances it is impossible to tell who is the apparent owner, in the absence of other elements indicating ownership. The association of either with a corporation might be such as to indicate the ownership of its stock more plainly than the joint possession of tangible personal property. Indeed, credit might be extended on the faith of the assurance that one or the other was the owner of stock in a corporation. Nor can it be said that the fact that intangible personal property was not the subject of a mortgage at the time the statute was enacted compels the view that the statute does not apply to intangibles.

Words and phrases are used in their technical meaning, if they have acquired one, and in their popular meaning if they have not. Section 460, Kentucky Statutes; Higginbothom v. Higginbothom, 177 Ky. 271, 197 S. W. 627, L. R. A. 1918A, 1105. When language is clear and unambiguous, it will be held to mean what it plainly expresses. Gilbert v. Greene, 185 Ky. 817, 216 S. W. 105. Where the Legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and it is not the province of a court to introduce an exception by construction. 25 R. C. L. 972; Young v. Bank of Alexandria, 4 Cranch, 384, 2 L. Ed. 655. The power to create exceptions by construction can never be exercised where the words of the statute are free from ambiguity, and its purpose plain. Exceptions will not be recognized unless it be necessary to avoid injustice, oppression, or absurd consequences. Adams v. Bohon, 176 Ky. 66, 195 S. W. 156, 25 R. C. L. 973. The statute uses the words "personal property." Whether given their ordinary or technical meaning, they embrace all kinds of personal property, and therefore intangibles. The word "assignment" is peculiarly applicable to intangible personal property. The statute begins with the provision that a married woman may take, acquire, and hold property, real and personal, by gift, devise, or descent, or by purchase, and she may in her own name, as if she were unmarried, sell and dispose of her personal property. It is not possible by any canon of construction to limit this language to tangible personal property. It is all-inclusive, and applies alike to every kind of personal property. In that part of the statute under construc-

tion the words "personal property" are again used. There is nothing in the statute that remotely suggests that they were used in a sense different from that employed in the first part of the statute. On the contrary, the only reasonable and natural conclusion is that the words "personal property" were used in the same sense throughout the statute. As the words employed are not ambiguous, and no injustice, oppression, or absurd consequences will follow if they are given their usual meaning, it is not perceived how we may incorporate an exception that will do violence to the act construed as a whole. Therefore we are constrained to hold, as was held in Eberhardt v. Wahl's Adm'r, 124 Ky. 223, 98 S. W. 994, 30 Ky. Law Rep. 412, that the statute applies to transfers of corporate stock between husband and wife, and, as the transfer or assignment of the stock in the Hawley Coal Company from Walter E. Price to his wife was not acknowledged and recorded as required by the statute, it was invalid as to third parties, including Mrs. Bruce.

We next come to the validity of the sale of the real estate belonging to the coal company. Though it be true that the purchase by an individual of all the stock of a corporation suspends its corporate franchise until the stock is transferred to others, Louisville Banking Co. v. Eisenman, 94 Ky. 83, 21 S. W. 531, 1049, 14 Ky. Law Rep. 705, 19 L. R. A. 684, 42 Am. St. Rep. 335; Stagg Co. v. Taylor, 95 Ky. 651, 27 S. W. 247, 16 Ky. Law Rep. 213; such purchase does not dissolve the corporation, Kentucky Harlan Coal Co. v. Harlan Gas Coal Co., 245 Ky. 234, 53 S. W. (2d) 538, or vest in the purchaser the title to the real estate belonging to the corporation, Gayle v. Greasy Creek Coal & Land Co., 249 Ky. 251, 60 S. W. (2d) 599. In the very nature of things, corporate debts take precedence over the individual debts of the owner of the capital stock, and the only interest such owner has in the assets of the corporation is an equity after paying the debts of the corporation. The record discloses that there was at least one corporate creditor, and there may be others. In the circumstances, it was error to sell the corporation's real estate as the property of Walter E. Price. All that was attached was Price's right, title, interest, claim, and demand in and to the real estate. This alone should have been sold, thereby vesting in the purchaser only an

equity in the land after the payment of corporate debts, with the right to liquidate the corporation.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion. Whole court sitting.