## Commonwealth et al. v. Crow et al.

(Decided March 17 1936).

L. P. TANNER for appellants.

D. C. ROSS and W. G. NEWTON for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Affirming.

The petition herein asked "for a declaratory judg-ment construing sections 4151-2 and 4153, Kentucky Statutes." Section 639a-1, Civil Code of Practice, provides that "in any action * * * wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked."

The decisive question to be determined is: Do the allegations of the petition bring them within the purview of this provision?

The caption names as plaintiffs "the commonwealth of Kentucky, McLean County and McLean County Board of Education by L. P. Tanner, County Attorney of Mc-Lean County"; and Clara Crow, Charlie Montgomery, D. C. Ross, and W. G. Newton, defendants. It states the election and qualification of Tanner as county attorney; Clara Crow as clerk of the county court at the November election, 1929, and qualification on the first day of January, 1930, for a term of four years ending January 1, 1934; Charlie Montgomery, at the November election, 1933, as county court clerk, and qualification on the first day of January, 1934, for a term of four years; D. C. Ross as county attorney at the November election, 1925, and qualification on the first Monday in January, 1926, for a term of four years; and W. G. Newton as county attorney at the November election, 1929, and qualification on the first day of November, 1930, for a term ending January 1, 1934. It is further stated that during Clara Crow's term of office the owners of land were delinquent in the payment of their taxes and the same was sold therefor by the sheriff of the county and purchased at the sale by the state and county. Later, the owners paid her the taxes with penalty, interest, and costs, a definite sum of which was due the state and

county, and the remainder, the county board of education, and that she had paid to the county attorney in office during that period 20 per cent. thereof as authorized by section 4153, Kentucky Statutes, leaving due the county as of date September 4, 1934, $147.95, and the county board of education, $179.83, and that under the advice of W. G. Newton, she declined to pay these sums "unless ordered to do so by the court." It is charged in the petition that D. C. Ross and W. G. Newton claimed 20 per cent. of all taxes paid her on land, which was purchased by the state and county, and that she had paid this 20 per cent. to them. It is further set out that D. C. Ross gave to the taxpayers within fifty days after the sheriff's sale, notice "by postal cards," and that W. G. Newton gave the owners "legal notice of such sales," but that neither of them instituted proceedings to recover the land of the owners or any of them.

It should be noted that except naming the commonwealth in the caption, it does not join in making the allegations contained in the petition. And as to Montgomery and Tanner, it merely refers to their election and qualification, and no more. Viewing the allegations relating to the collection of. the taxes of the owners of land, who were delinquent in the payment of their taxes, and who paid the same to Clara Crow during her term of office, it is plain that McLean County had no interest in that portion of the taxes collected belonging to the county board of education; and, therefore, the county was not interested in the 20 per cent. thereof paid to the county attorney. The same may be said of the county board of education's interest in that portion which belonged to the county and state on which the 20 per cent. commission was paid to the county attorney. It is likewise apparent that Ross was not interested in the 20 per cent. paid W. G. Newton and vice versa.

It should be conceded that the commonwealth of Kentucky and Charlie Montgomery have no interest in the taxes belonging to the county board of education, nor in the 20 per cent. penalty paid thereon to the county attorney. Charlie Montgomery and Tanner have no interest in the taxes paid Clara Crow or commission paid either to Ross or Newton. It is equally as plain that those named in the petition as defendants have no common interest in the taxes and penalty referred

to in the petition. Our statement of the contents of the petition is sufficiently convincing that the allegations thereof do not manifest an actual controversy within the purview of section 693a—1, Civil Code of Practice, and that those named in the caption as plaintiffs and defendants, under section 25 thereof have no common or general interest within the meaning of this section, on the facts presented. Section 639a—1 does not contemplate an action for a declaration of rights thereunder on such state of facts as here presented. The petition nowhere intimtes there is an actual or any controversy between the parties. It fails to charge that either the county or the county board of education has demanded, or is demanding, of either of the county attorneys the 20 per cent. paid them by the county clerk, or that either had declined to account for same, or any part thereof. Whilst it is alleged that a certain sum was due the county on a certain date in September, 1934, and another sum due the county board of education as of the same date. It is nowhere alleged that either of the county attorneys is. claiming any portion thereof, or that there is any controversy between them, or the county or the county board of education in respect thereto, and even if there were, the amounts involved are not within our jurisdiction. It is not intimated in the petition that there is any controversy between Charlie Montgomery as clerk and the county attorney in office, concerning the taxes paid to the clerk during his term of office, or the 20 per cent. commission thereon. At most, the petition requests a declaration of rights on abstruse and abstract inquiries concerning taxes and commissions which appear from its allegations are not in controversy.

In Oldham County v. Arvin, 244 Ky. 551, 51 S. W. (2d) 657, 658, our conclusion was thus expressed:

"That courts will not take jurisdiction in actions brought under the statute, unless the alleged controverted questions are justiciable ones, and which do not include abstract legal questions designed merely to furnish information to the inquirer and which, if jurisdiction was taken, would convert courts into a sort of law school for the instruction of the inquisitive mind (see Revis v. Daugherty, 215 Ky. 823, 287 S. W. 28)."

See Shearer & Ramsey v. Backer et al., 207 Ky. 455, 269 S. W., 534, and Jefferson County et al. v. Chilton, 236 Ky. 614, 33 S. W. (2d) 601.

The trial court sustained a general and special demurrer to the petition. It should be apparent that it is our conclusion the demurrers were properly sustained and the petition dismissed.

The judgment is affirmed.