**KENTUCKY STATE BOARD OF DENTAL EXAMINERS, Appellant,**

v.

**K. W. STEELY, Appellee.**

Court of Appeals of Kentucky.

June 22, 1956.

Eugene S. Wiggins, Richmond, E. C. Hume, Jr., Louisville, for appellant.

T. E. Mahan, Williamsburg, for appellee.

MOREMEN, Judge.

From a judgment of the Whitley Circuit Court refusing to enjoin appellee, K. W. Steely, from the alleged practice of dentistry without a license, appellant, Kentucky State Board of Dental Examiners, prosecutes this appeal.

The injunction was sought on the ground that appellee had caused, through the medium of radio, the following advertisement to be broadcast:

"Listen, folks, for $35.00 at the K. W. Steely laboratory in Williamsburg, Kentucky, you can get a full set of upper and lower plates. That's right, just $35.00. The K. W. Steely laboratory believes in living and let live. That's why they are offering to the public plates for $35.00. These plates are made with genuine Dupont material with gold pin teeth. Remember that's the K. W. Steely laboratory in Williamsburg, Kentucky, located over the Rexall Drug Store. Phone 3916."

The State Board contends that this action was in violation of KRS 313.020 which provides that no person, except those licensed and registered under the laws of this state, shall practice or attempt to practice dentistry, and further contends that under the definition of the practice of dentistry contained in subsection (2) of KRS 313.010, appellee was in fact practicing dentistry without a license.

It is admitted by appellee that he had no license to practice dentistry and the ques-

tion on this appeal is whether his action in advertising in the manner above set forth constitutes the unlawful practice.

Subsection (2) of KRS 313.010 reads:

"Any person shall be regarded as 'practicing dentistry' who, for a fee, salary or other reward paid or to be paid to himself, performs or advertises to perform, dental operations of any kind, or who diagnoses or treats diseases or lesions of human teeth or jaws, or attempts to correct malpositions thereof, or who diagnoses or treats disorders, or deficiencies of the oral cavity and adjacent associated structures, or who takes impressions of the human teeth or jaws, or shall construct, supply, reproduce or repair any prosthetic denture, bridge, artificial restoration, appliance or other structure to be used or worn as a substitute for natural teeth, except upon the order or prescription of a licensed dentist and constructed upon or by the use of casts or models made from an impression taken by a licensed dentist, or who shall advertise, offer, sell, or deliver any such substitute or the services rendered in the construction, reproduction, supply or repair thereof to any person other than a licensed dentist, or who places or adjusts such substitute in the oral cavity of another, or who uses the words 'dentist,' 'dental surgeon,' the letters, 'D.D.S.,' or other letters or title in connection with his name, which in any way represents him as being engaged in the practice of dentistry."

An examination of the above section indicates that, under its definition, many actions by an unlicensed person may constitute practicing dentistry. It may be noted that the first phrase apparently places a person in the category of a practicing dentist if, for a fee, he performs or advertises to perform dental operations of any kind; then the subsection disjunctively sets forth many other similar operations which, in addition, may be deemed to be rights relegated only to licensed dentists. The statute, if it had been concluded after the first expression, would have been clear and unambiguous, but the repetitious statement of various specific components of the practice of dentistry has added considerable confusion, particularly that part which states, " * * * or who shall advertise, offer, sell, or deliver any such substitute for the service rendered in the construction, reproduction, supply or repair thereof to any person other than a licensed dentist."

It is this portion of the statute on which appellee makes his strongest argument because he insists that the purpose of the radio advertisement above copied was limited only to offering the sale of his materials to dentists or to persons who hold prescriptions from licensed dentists.

We perhaps could find some merit in this argument if the advertisement had not stated specifically, "That's why they are offering to the public plates for $35.00." A plain interpretation of the advertisement shows that it attempts to reach a class of people far beyond, and other than, practicing dentists and those who hold prescriptions from them. In fact, it even violates subsection (3) of KRS 313.140 dealing with unprofessional conduct of licensed dentists because that subsection condemns the advertisement of prices for professional services.

Appellee, if he is otherwise qualified, may operate a dental laboratory and serve the dental profession but he should not be permitted, in violation of the statutes, to invite trade with a group of people with whom he is not entitled to do business. We are of opinion that the advertisement first above quoted was designed for and addressed to that class, and that the injunction should have issued.

For the reasons given the judgment is reversed and remanded for proceedings in conformity with this opinion.