COMMONWEALTH of Kentucky, Appellant,

v.

George BOARMAN, Appellee.

Court of Appeals of Kentucky.

Sept. 12, 1980.

Discretionary Review Denied Feb. 13, 1981.

Steven Beshear, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, David L. Armstrong, Richard E. Cooper, Sp. Asst. Attys. Gen., Louisville, for appellant.

Raymond M. Clooney, Asst. Dist. Defender of the Jefferson District Public Defender, Frank W. Heft, Jr., Chief, Appellate Public Defender, Daniel T. Goyette, Deputy Public Defender, Louisville, for appellee.

Before HAYES, C. J., and HOWARD and REYNOLDS, JJ.

HOWARD, Judge.

The issue of this appeal is whether K.R.S. 199.335(7) abrogates the husband-wife privilege in criminal proceedings as well as actions in Juvenile Court. The facts of this action are precisely detailed in an agreed statement of the case prepared jointly by counsel for appellant and counsel for the appellee. They may be summarized as follows:

On the 6th of November, 1978, a neighbor of Maknae Boarman, the Korean born wife of George Boarman, defendant, called the Protective Services stating that Maknae had related an incident of the defendant sexually abusing their Korean born, adopted, three-and-a-half-year-old daughter, Dawn Boarman.

Jefferson County Police Detectives Hickman and Payton were contacted by the Protective Services and they went to the home to investigate. Maknae related through her broken English that on Sunday, the 17th of September, 1978, she returned from church to find Dawn in a highly excited and upset emotional state. Maknae stated Dawn told her through words and actions how her father, the defendant, had pulled her pants down, put lotion on the inside of her legs, put his penis between her legs and moved his hips back and forth.

Maknae, with the assistance of Jefferson County Police detectives, swore to an arrest warrant for sexual abuse in the first degree against the defendant.

On the 19th of December, 1978, the Jefferson County Grand Jury returned an indictment against the defendant, charging him with sexual abuse in the first degree for subjecting Dawn Boarman, his daughter, to sexual contact.

On the 22nd of January, 1979, Maknae met with Assistant Commonwealth's Attorney Richard Cooper and related in detail the incident. Maknae again related the incident in its entirety on the 13th of February, 1979, at her home to Assistant Commonwealth's Attorney Richard Cooper, Detective Hickman and Pat Thacker, Victim-Witness Advocate for the Commonwealth Attorney's Office.

In October, 1979, the privately retained counsel for the defendant withdrew as the attorney of record for the defendant. The court appointed the Public Defender to represent the defendant. The Public Defender's Office obtained a statement from Maknae, the wife of the defendant, which con-

tradicts the complaint which precipitated this action.

On the 9th of November, 1979, the case of *Commonwealth of Kentucky v. George Boarman* was called to trial before Honorable Joseph H. Eckert, Judge, Jefferson Circuit Court, Division One. In preliminary motions addressed to the court, the attorney for the defendant requested the exclusion of:

1. The testimony of four year old Dawn, the victim, based on her competency to testify pursuant to K.R.S. 421.200;

2. The testimony of Maknae Boarman, the defendant's wife, based on her assertion of the marital privilege pursuant to K.R.S. 421.210; and

3. The testimony of the other Commonwealth's witnesses relating to hearsay statements made by the child, Dawn.

The Commonwealth objected because it claims that K.R.S. 199.335(7) abolishes the privilege in cases of this kind. Also, the Commonwealth argued that the testimony of other witnesses regarding the hearsay testimony of the child should be admitted to corroborate the testimony of the mother.

The court took the issues under submission and passed the case to the 18th of January, 1980, for trial.

On the 13th of November, 1979, the court issued a memorandum stating its findings of fact and conclusions of law which sustained the defendant's request for the exclusion of the testimony of the child, the mother, and the hearsay statements of the other Commonwealth's witnesses.

On the 26th of November, 1979, the attorney for the defendant made a motion to dismiss the case due to the insufficiency of the evidence following the court's finding. The trial court sustained the defendant's motion dismissing the case.

From the adverse ruling of the trial court and the judgment entered on the 26th of November, 1979, the Commonwealth prosecutes an appeal requesting relief from the trial court's erroneous ruling.

Chapter 199 of the Kentucky Revised Statutes is entitled "Protective Services For Children—Adoption." Within this chapter is K.R.S. 199.335(7) which states:

Neither the husband-wife nor any professional-client/patient privilege, except the attorney-client privilege, shall be a ground for refusing to report under this section or for excluding evidence regarding an abused or neglected child or the cause thereof, *in any judicial proceedings resulting from a report pursuant to this section.* (Emphasis added).

Our task is to determine whether the language "in any judicial proceeding" is limited to the Juvenile Court proceedings contemplated by Chapter 199 or whether the husband-wife privilege is effectively abolished for all judicial proceedings regarding an abused child.

The trial court held that the provisions of K.R.S. 199.335 have no application to the instant case as this statute relates primarily to the protection and removal of the abused child by the Juvenile Court. It was the ruling of the lower court that the judicial proceeding in the instant case is not one encompassed under the provisions of K.R.S. 199.335 and therefore the privilege is not abolished as to this proceeding.

 We disagree with this interpretation of K.R.S. 199.335(7) by the trial court. It would have been an easy task on the part of the Legislature to have limited the statute's application to juvenile proceedings by merely stating so. However, it is clear to us that the legislative intent was to have the protective agency report child abuse cases to the authorities for whatever action was called for. A legislature making no exceptions to positive terms of the statute, is presumed to have intended to make none. *Hawley Coal Co. v. Bruce*, 67 S.W.2d 703, 252 Ky. 455 (1934). It is to be presumed, also, that the legislature is acquainted with the law, that it has knowledge of the state of the law on subjects on which it legislates, and that it is informed of previous legislation and the construction that previous legislation has received. *Button v. Hicks*, 176 S.W.2d 112, 296 Ky. 163, 150 A.L.R. 779 (1943).

925

The common law marital privilege against requiring a spouse to testify against his or her spouse was codified by K.R.S. 421.210. This has been our law on the subject for many years. It is to be presumed that the Legislature knew of this statute when it passed K.R.S. 199.335(7). *Button v. Hicks, Id.* Therefore, we can only conclude that the Legislature intended to abrogate the privilege herein in child abuse cases. Furthermore, the limiting of the privilege seems to be the trend in the law. *Trammel v. United States*, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). Justice John Palmore recognized this trend and concurred with it in his opinion in *Wells v. Commonwealth*, Ky., 562 S.W.2d 622 *cert. denied*, 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 170 (1978). We quote from page 624 of that opinion as follows:

> At its very best, the rule that one party to a marriage cannot be compelled to testify against the other, codified in KRS 421.210, is one of the most ill-founded precepts to be found in the common law. It is enough that it continues to exist at all. When it is encountered it is better to be trimmed than enlarged.

It is in this spirit that we construe K.R.S. 199.335(7). We note the literal meaning of the statute proposes to abolish the husband-wife privilege in *any* judicial proceeding resulting from a report pursuant to Chapter 199 of the Kentucky Revised Statutes. The facts of the case at hand are directly encompassed by this language. The criminal proceedings in Circuit Court were instituted against the appellant following a report of the alleged abuse to the Protective Services, which in turn notified the Jefferson County Police Department. This is precisely the chain of events contemplated by K.R.S. 199.335(2) and (3). We therefore hold the trial court erred in allowing the privilege to be invoked. For this reason, the resulting dismissal of the indictment was improper.

The judgment is reversed for proceedings consistent with this opinion.

All concur.