James A. MANNING and Dan Hauner, d/b/a Dan's Dental Lab, Appellants,

v.

KENTUCKY BOARD OF DENTISTRY, Appellee.

Court of Appeals of Kentucky.

April 22, 1983.

Discretionary Review Denied Oct. 26, 1983.

Neil E. Duncliffe, Georgetown, for appellants.

Steven L. Beshear, Atty. Gen., Penny R. Warren, Asst. Atty. Gen., Mary Dentinger Schoening, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and DUNN and REYNOLDS, JJ.

DUNN, Judge:

This appeal is from a summary judgment permanently enjoining the appellants, d/b/a Dan's Dental Lab, from operating a dental laboratory in violation of K.R.S. 313.-020 or otherwise in violation of K.R.S. Chapter 313 and dismissing their counterclaim for declaratory judgment and for damages. The trial judge in entering the judgment did so by treating the appellants' motion to dismiss all claims by the plaintiff, appellee, as one for summary judgment,

and by considering all of the pleadings, affidavits and stipulations of record.

The basic question on appeal is whether or not the appellants are "practicing dentistry" without a license within the purview of K.R.S. 313.010(2) and K.R.S. 313.020.

K.R.S. 313.010(2) provides "Any person shall be regarded as 'practicing dentistry' who, for a fee . . . takes impressions of the human teeth or jaws to be used directly in the fabrication of any intraoral applicance, or shall construct, supply, reproduce or repair any prosthetic denture, bridge, artificial restoration, appliance or other structure to be used or worn as a substitute for natural teeth, except upon the written laboratory procedure work order of a licensed dentist and constructed upon or by the use of casts or models made from an impression taken by a licensed dentist, or who shall advertise, offer, sell or deliver any such substitute or the services rendered in the construction, reproduction, supply or repair thereof to any person other than a licensed dentist, or who places or adjusts such substitute in the oral cavity of another . . . .". K.R.S. 313.020 prohibits anyone from practicing dentistry unless he has been licensed by the Kentucky Board of Dentistry. K.R.S. 313.022 and K.R.S. 313.540 provide injunctive relief at the initiative of the Kentucky Board of Dentistry.

Clearly and unambiguously, the language of these statutes expressly prohibits anyone other than a licensed dentist from taking impressions of the human mouth to be used in making dentures. It also expressly prohibits construction of dentures except upon the written laboratory procedure work order of a licensed dentist or upon casts or models made from an impression taken by a licensed dentist. Advertising, selling or delivering any denture or service rendered in making, supplying or repairing dentures to a person other than a licensed dentist is also prohibited to all but licensed dentists. There are no exceptions to the prohibitions.

The facts concerning the basic issue are simple and not in dispute. Appellant, Hauner, owns Dan's Dental Lab in Frankfort. He holds a license to operate a dental laboratory. Appellant, Manning, works for Hauner and has a license as a dental technician. Neither has a license to practice dentistry. The service they provide is aptly and succinctly described in the Lab's newspaper advertisement:

"Dan's Dental Lab

Sure-fit dentures

At a Sensible Price

Direct Service

One Day Service on Dentures

One Hour Service on Reline or Repair

321 St. Clair

223–3622"

As part of their operation they take impressions of the human mouth for the purpose of fabricating artificial substitutes for human teeth, fabricate artificial substitutes for human teeth, and place those artificial substitutes in the mouths of patients or customers all without written work orders from a licensed dentist. In short, they are by-passing the dentists and providing dentures directly to the public.

■ Obviously, by taking oral impressions of patients for the purpose of making dentures, and then proceeding to make dentures from the mold and selling them to their patients without a written laboratory work order of a licensed dentist, and by advertising delivery of this service to the general public, the appellants violate the statutory prohibitions of practicing dentistry without a license in violation of K.R.S. 313.010(2) and K.R.S. 313.020. *Kentucky Board of State Dental Examiners v. Steely*, Ky., 291 S.W.2d 823 (1956).

Appellants argue that legislative changes in 1974 nullified these prohibitions as to dental labs and authorized them to supply dentures directly to the public. This conclusion, when viewed from a consideration of all the amendments and additions contained in House Bill 376, which embodies the present statutory provisions of K.R.S. Chapter 313 with which we are concerned,

ignores several basic rules of statutory interpretation.

■ The Court's function in the interpretation of statutes is to construe the language so as to give effect to the intent of the legislature. *Grinstead v. Kirby,* Ky., 110 S.W. 247 (1908); *Fiscal Court Commissioners of Jefferson County v. Jefferson County Judge/Executive,* Ky.App., 614 S.W.2d 954 (1981). Where words in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as it is written. *Griffin v. City of Bowling Green,* Ky., 458 S.W.2d 456 (1970); *Barnett v. Commonwealth,* Ky.App., 566 S.W.2d 794 (1978). It is presumed that the legislature is acquainted with the law on the subjects on which it legislates and is informed of previous legislation and construction that it has previously received. Where it has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and it is not the province of a court to introduce an exception by construction. *Hawley Coal Company v. Bruce,* Ky., 252 Ky. 455, 67 S.W.2d 703 (1934); *Button v. Hikes,* Ky., 296 Ky. 163, 176 S.W.2d 112 (1943); *Commonwealth v. Boarman,* Ky.App., 610 S.W.2d 922 (1980).

■ Section 1 of the 1974 Act amended K.R.S. 313.010. It made no change whatsoever in subparagraph (2) in which "practicing dentistry" is described and which contains the prohibitions involved in this case. Applying the above rules of statutory interpretation, we must conclude it intended to continue with the prohibitions with no exceptions.

■ Other than some changes which have nothing to do with the issues of this case, the only change in subparagraph (4), which deals with the definition of "Dental Laboratory", is the addition of the words, "other than a licensed dentist", in describing "person, firm or corporation" as being included among those being a "Dental Laboratory". Appellants by a syllogistic non sequitur conclude these words nullify the prohibitions of subparagraph (1) as to Dental Laboratories, and authorize a dental laboratory to supply dentures directly to the public without the intervention of a licensed dentist.

The new provision, "other than a licensed dentist" must be interpreted by reference to the other new provisions of the 1974 Act and the old provisions of K.R.S. Chapter 313 that apply to the issues of this case. Section 2 of the Act, now K.R.S. 313.510, created the Dental Laboratory Advisory Commission. Section 3, now K.R.S. 313.520, legislates for the first time a requirement for an annual registration or license and fee for dental laboratories. Section 4, now K.R.S. 313.540, prohibits operation of a commercial dental laboratory without such license or registration. Prior to these enactments, there was no provision of licensure for dental laboratories. In fact, the 1970 Act for the first time added subparagraph (4), the definition of "Dental Laboratory", to K.R.S. Chapter 313, but did not provide for licensure. Prior to it the only definitions were for "Dentistry Practice" and "Dental Hygiene".

When the legislature provided licensure for dental laboratories in 1974, a licensed dentist, in taking oral impressions and making dentures, as authorized under subparagraph (2), would have had to acquire a second license if he was not excepted from the new dental laboratory licensure provisions. The legislature being aware of this duplication of licensing excepted dentists from having to acquire a dental laboratory license by adding the words, "other than a licensed dentist", after defining those included as a "Dental Laboratory". The definitive phrase now is "(4) 'Dental Laboratory' includes any person, firm or corporation, other than a licensed dentist. . . ."

■ In considering the new provisions of K.R.S. Chapter 313 applicable to the issues of this case in relationship to the old or non-existent provisions, there is no ambiguity or lack of clarity as to legislative intent. The legislature did not intend to change anything with respect to the prohibitions against dental laboratories supplying den-

tures directly to the public, thereby bypassing licensed dentists. If it intended to make an exception for dental laboratories, it would have done so by amending K.R.S. 313.010(2), stating the exception. Since it did not, the Court may not make the exception by a strained, illogical construction of what it actually did. *Hawley Coal Company v. Bruce, supra; Button v. Hicks, supra, Commonwealth v. Boarman, supra.* What it did was provide for licensure of dental laboratories and excepted licensed dentists from the requirement of an additional license other than to practice dentistry if they engaged in dental laboratory work themselves.

Appellants also urge that the testimony in the deposition of appellee's expert witness and a member of the Board of Dentistry, Dr. James A. Smith, Jr., conclusively establishes appellant's proposition that dental laboratories can sell dentures directly to the public. They come to this conclusion because the witness was unable to answer where in K.R.S. 313.010(4) dental laboratories were prohibited from selling dentures directly to the public. The prohibition is in subparagraph (2) of the statute not in subparagraph (4). The witness's frequent efforts to explain the source of the prohibition were repeatedly ignored by counsel for the appellants. We can no more accept this specious argument than we can their argument that the Court is bound by the witness's interpretation of the statutes.

■ The same is true of the additional argument that the Circuit Court had no jurisdiction to hear this case since the Board has failed to refer the matter to the Dental Laboratory Advisory Committee for its consideration. K.R.S. 313.022 gives the appellee, the Kentucky Board of Dentistry, the power to maintain an action to enjoin the unlicensed practice of dentistry and K.R.S. 313.540 also gives the Board the authority to commence injunctive proceedings against any violator of the provisions of K.R.S. 313.510 to 313.540. Neither statute requires referral to the Dental Laboratory Advisory Commission as a condition precedent to the Board's bringing an action.

■ The final argument made on behalf of appellants is that the Board, the defendant in a declaratory judgment action by appellant, Hauner, in Jefferson Circuit Court, Case No. 78–CI–02127, involving these same prohibitions, pleaded there was no existing justiciable controversy between Hauner and the Board in seeking dismissal of the action. They maintain this was a judicial admission on the Board's part and by elusive logic conclude that the Board thereby admitted there was nothing illegal about a dental laboratory selling dentures directly to the public. Appellants again misinterpret the law. They confuse the term, existing justiciable controversy, with the term, difference of opinion.

When a defendant in a declaratory judgment action pleads no justiciable controversy exists, he is not agreeing with the point of view of the plaintiff in such action so as to cause a judicial admission, but rather is stating his defense to the action based on the rule that declaratory relief will not be granted in an action that seeks the answer to an abstract legal question or seeks an advisory opinion that will not result in a binding judgment to settle an existing justiciable controversy. *Black v. Elkhorn Coal Corporation*, Ky., 233 Ky. 588, 26 S.W.2d 481 (1930); *Commonwealth v. Crow*, Ky., 263 Ky. 322, 92 S.W.2d 330 (1936). The appellants' argument in this regard likewise is without merit.

The judgment of the Franklin Circuit Court is AFFIRMED.

All concur.