**Allen David JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–SC–000802–DG.

Supreme Court of Kentucky.

March 19, 2009.

V. Gene Lewter, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Chief Justice MINTON.

## I. *INTRODUCTION.*

Allen David Jones entered a conditional guilty plea to operating a motor vehicle under the influence (DUI) (second offense), driving on a DUI-suspended license (second offense), and of being a persistent felony offender in the first degree (PFO I). Jones argues that the Commonwealth violated certain statutory proscriptions when it moved to amend down his original fourth-offense DUI charge to a second-offense DUI charge. Because the Commonwealth's actions were directly contrary to KRS 189A.120(1), we agree.

## II. *FACTUAL AND PROCEDURAL HISTORY.*

A grand jury indicted Jones on one count of fourth-offense DUI;[1] third-offense operating a vehicle with a suspended license (which had been suspended for DUI);[2] second-degree wanton endanger-

---

1. Kentucky Revised Statutes (KRS) 189A.010(5)(d) provides that a DUI fourth offense is a Class D felony.

2. KRS 189A.090(2)(c) provides that operating a vehicle with a DUI-suspended license third offense is a Class D felony.

ment;[3] driving without insurance;[4] and for being a PFO I.[5] Jones filed a motion to dismiss the PFO charge because the qualifier for the fourth-offense DUI charge and the PFO charge were the same, which he argued is an impermissible double enhancement.

In an effort to avoid any impermissible double enhancements, the Commonwealth moved to amend the fourth-offense DUI to second-offense DUI [6] and the third-offense driving on a DUI-suspended license to a second-offense driving on a DUI-suspended license.[7] The effect of those amendments was to save the PFO I charge by applying one of Jones's prior DUI convictions as the qualifier for the PFO I charge instead of applying his current DUI charge as the qualifier.

Jones argued that KRS 189A.010(5)(d) and 189A.120(1) prohibited the Commonwealth from recommending amending down the fourth-offense DUI charge. The trial court rejected Jones's argument and permitted the Commonwealth to amend the charges. Jones then entered the conditional guilty plea set forth above, pre-

serving for appellate review the propriety of the amendment of the DUI-related charges. The trial court sentenced Jones to thirty days' incarceration on the DUI second charge and one year of imprisonment on the driving on a DUI-suspended license charge, enhanced to ten years' imprisonment by virtue of the PFO I charge.[8] But the trial court suspended those sentences and ordered Jones to be placed on probation for five years. The Court of Appeals affirmed. We granted discretionary review and reverse the Court of Appeals.[9]

### III. *ANALYSIS.*

 Jones does not contest the fact that he refused to submit to an alcohol concentration test. For purposes of this case, KRS 189A.120(1) provides, in relevant part, that "a prosecuting attorney shall not agree to the amendment of the charge to a lesser offense ..." in DUI cases in which the defendant has refused an alcohol concentration test.[10] Despite the seemingly straightforward language of the statute, the Commonwealth contends, and the

---

**3.** KRS 508.070(2) provides that wanton endangerment in the second degree is a Class A misdemeanor.

**4.** *See* KRS 304.39–080; KRS 304.99–060.

**5.** *See* KRS 532.080.

**6.** KRS 189A.010(5)(b) provides for a fine and possible incarceration in the county jail from seven days to six months for a DUI second offense conviction.

**7.** KRS 189A.090(2)(b) provides that a second offense of operating a motor vehicle with a DUI-suspended license is a Class A misdemeanor unless at the time of the offense the person was also guilty of DUI, in which case the offense is a Class D felony.

**8.** The wanton endangerment and driving without insurance charges were dismissed.

**9.** We have strong concerns over whether KRS 189A.120(1) and 189A.010(5)(d) violate the

separation of powers doctrine. However, for whatever reason, the Commonwealth has not raised a separation of powers argument, meaning that issue is not properly before us.

**10.** The entire subsection provides as follows:

> When an alcohol concentration for a person twenty-one (21) years of age or older in a prosecution for violation of KRS 189A.010 is 0.08 or above, is 0.02 or above for a person under the age of twenty-one (21), or when the defendant, regardless of age, has refused to take an alcohol concentration or substance test, a prosecuting attorney shall not agree to the amendment of the charge to a lesser offense and shall oppose the amendment of the charge at trial, unless all prosecution witnesses are, and it is expected they will continue to be, unavailable for trial.

KRS 189A.120(1).

Court of Appeals agreed, that this statutory directive was not violated when the prosecutor successfully moved to amend Jones's DUI fourth charge to a DUI second charge. The Court of Appeals concluded that KRS 189A.120(1) only prohibited the Commonwealth from agreeing to a defendant's motion for a reduction in charges while leaving the Commonwealth free to file its own motion to reduce the DUI charges. We do not share this impermissibly narrow construction of the word *agree.*

KRS 446.080(4) requires that we construe the words of all statutes "according to the common and approved usage of language," unless the words "have acquired a peculiar and appropriate meaning in the law...." There is no indication that the simple word *agree* has acquired a peculiar meaning in the law. So we must construe the word according to its ordinary meaning.

According to Webster's Dictionary, the word *agree* means "to concur in" or "to consent to as a course of action...." [11] Clearly, the Commonwealth concurred in, or consented to, the amendment of Jones's DUI fourth charge to a DUI second charge. After all, it was the Commonwealth that sought the amendment. If we were to hold that the Commonwealth did not "agree" to the motion to amend Jones's DUI fourth charge, we would ultimately have to come to the illogical conclusion that the Commonwealth did not "agree" to the very action sought by its own motion. Or, in other words, how can it logically be said that the Commonwealth did not "agree" to the amendment of Jones's charges when the Commonwealth itself sought those amendments?

And we see no indication in the plain language of KRS 189A. 120(1) that would cause us to conclude that the Commonwealth is only prohibited from concurring in a defendant's motion to amend a DUI charge while remaining free to seek such an amendment on its own. Such a conclusion would be illogical. Why would the General Assembly enact a statute that would forbid the Commonwealth from agreeing to an action if proposed by a defendant but that would allow the Commonwealth to seek that very same action on its own? By contrast, the proper construction we have given KRS 189A. 120(1) causes that statute to stand for the clear and logical proposition that the Commonwealth may not join a defendant's motion to amend DUI-related charges, nor may the Commonwealth seek such an amendment on its own. So the possibility of prosecutorial word games is eliminated. After all, tortured semantics and word games simply cannot magically convert a DUI fourth offense into a DUI second offense.

We fully recognize the wide latitude normally given to prosecutors to determine what charges, if any, to bring against a potential defendant.[12] And we have adopted the federal courts' view that an "independent" motion by a prosecutor to dismiss or amend an indictment should be granted "unless clearly contrary to manifest public interest." [13] On this point, the General Assembly has already expressed the public interest of this Commonwealth through the enactment of KRS 189A. 120(1), which quite plainly prohibits the Commonwealth from agreeing to an amendment like the one in the case at hand.

**11.** *MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY* 24 (10th ed.2002).

**12.** *See, e.g., Flynt v. Commonwealth,* 105 S.W.3d 415, 424 (Ky.2003).

**13.** *Hoskins v. Maricle,* 150 S.W.3d 1, 24 (Ky. 2004).

■ This case is unusual in that the amendments the Commonwealth successfully sought did not appear to reduce the overall possible sentence Jones faced. But KRS 189A. 120 contains no escape hatch for the Commonwealth, and a longstanding rule in this Commonwealth prohibits a court from judicially creating and grafting exceptions onto a statute when the General Assembly did not see fit to do so.[14] So we may not graft a judicially created exception onto the simple and plain language of KRS 189A. 120(1) to permit the Commonwealth to agree to the reduction of DUI-related charges so long as the reduction would not reduce a defendant's possible sentence. Although it is possible that the General Assembly may have intended only for the Commonwealth to refuse to accede to a reduction that would have lessened a defendant's ultimate sentence, we must construe the statutes as enacted; and we may not "speculate what the General Assembly may have intended but failed to articulate...."[15]

## IV. *CONCLUSION.*

The opinion of the Court of Appeals is reversed. Jones's convictions are vacated, and this matter is remanded to the trial court for proceedings consistent with this opinion.[16]

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. ABRAMSON, NOBLE, SCOTT, and VENTERS, JJ.,

concur. CUNNINGHAM, J., dissents by separate opinion. SCHRODER, J., not sitting.

CUNNINGHAM, J., dissenting.

I respectfully dissent. This Court ignores the unique prerogatives of the prosecutor within our legal framework. In *Flynt v. Commonwealth,* this Court stated that "it is beyond dispute that the executive branch's prosecutorial function *includes* 'the decision whether or not to prosecute, and what charge to file or bring before a grand jury[.]'" 105 S.W.3d 415, 424 (Ky.2003), *quoting Commonwealth v. McKinney,* 594 S.W.2d 884, 888 (Ky.App. 1979), *in turn quoting Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Further, in *Hoskins v. Maricle,* this Court recognized that "an 'independent' motion by a prosecutor to dismiss or amend an indictment must be sustained unless clearly contrary to manifest public interest." 150 S.W.3d 1, 24 (Ky.2004) (citation omitted). In this case, the Commonwealth did not act contrary to the public's interest in amending the charge. In fact, it amended the charge so as to seek a more severe penalty than would have been available otherwise. Further, the Commonwealth clearly had the authority to seek this combination of charges in the initial indictment.

The language of KRS 189A. 120(1) prevents the prosecutor from agreeing to a request to amend the DUI charge. Fur-

---

14. *Hawley Coal Co. v. Bruce,* 252 Ky. 455, 67 S.W.2d 703, 705 (1934) ("Where the Legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make none, and it is not the province of a court to introduce an exception by construction. The power to create exceptions by construction can never be exercised where the words of the statute are free from ambiguity, and its purpose plain.") (citations omitted).

15. *Peterson v. Shake,* 120 S.W.3d 707, 709 (Ky.2003).

16. Because this case may be resolved through our interpretation of KRS 189A.120(1), it is unnecessary for us to analyze Jones's alternate argument that the Commonwealth's actions also violated KRS 189A.010(5)(d), which provides that a person who operates a motor vehicle while under the influence of alcohol for a fourth or subsequent offense shall "be guilty of a Class D felony."

ther, it mandates that the prosecutor oppose a defense motion to amend the charge to a lesser offense. However, the language in KRS 189A. 120 does not expressly prohibit a prosecutor from exercising independent discretion and seeking a more severe penalty under these circumstances. Further, in light of the prosecutor's authority set out above, such action falls squarely within the authority reserved to the prosecutor. In turn, once the Commonwealth exercises its authority in seeking to prosecute the facts under an offense other than a "fourth or subsequent offense," the language of KRS 189A.010(5)(d) has no application. Neither do I agree with the majority's understanding of "agree." It is clear from its reading that the whole purpose of KRS 189A.020(1) is to prohibit the defendant from procuring a reduced charge through plea negotiations. Otherwise, it would have been a simple matter for the legislature to have written that "a prosecuting attorney shall not *move to amend the charge* to a lesser offense...."

For these reasons, I cannot join the majority opinion.