**Charles EDELEN, Mary Lee Nalley, Jerone S. Wright, Emma Gean Newton, Otis Marie Nalley, Earl Rogers, Agnes D. Rogers, James L. Rogers, Charles R. Janes, Christine Janes, William Cross, and Evelyn Cross, Appellants,**

v.

**COUNTY OF NELSON; Nelson County Fiscal Court; Kentucky Local Correctional Facilities Construction Authority; Corrections Cabinet of the Commonwealth of Kentucky; and George W. Wilson, Secretary of the Corrections Cabinet, Appellees.**

Court of Appeals of Kentucky.

Feb. 6, 1987.

Alan Kent Akers, Bardstown, for appellants.

Challen P. McCoy, Bardstown, for appellees County of Nelson and Nelson County Fiscal Court.

Charles D. Wickliffe, Finance and Administration Cabinet Commonwealth of Kentucky, Frankfort, for appellee Kentucky Local Correctional Facilities Const. Authority.

Barbara W. Jones, Corrections Cabinet, Officer of Gen. Counsel, Frankfort, for appellees Corrections Cabinet of the Com. of Kentucky and George W. Wilson.

Before CLAYTON, HAYES and WILHOIT, JJ.

WILHOIT, Judge.

The issues presented in this appeal turn on interpretation of KRS 100.361(2). The circuit court determined that the statute did not require public hearings on a proposed jail site and that a county is immune from local zoning regulations. We affirm.

The appellants are residents of the Maple Hill area of Bardstown in Nelson County, Kentucky. After Nelson County acquired property in the Maple Hill area as a proposed site for a new county jail, the appellants initiated this action to prohibit further progress on the jail. The appellants alleged the local zoning regulations and comprehensive plan did not provide for a jail in the proposed location, that the requirements of KRS 100.361(2) were not followed, and that zoning regulations were not complied with. The appellees, defendants in the circuit court action, filed motions to dismiss. The circuit court treated the motions as motions for summary judgment, and granted them. This appeal followed.

KRS 100.361(2) provides as follows:

(2) Nothing in this chapter shall impair the sovereignty of the commonwealth of Kentucky over its political subdivisions. Any proposal affecting land use by any department, commission, board, authority, agency, or instrumentality of state government shall not require approval of the local planning unit. However, adequate information concerning such proposals shall be furnished to the planning commission by the department, commission, board, authority, agency, or instrumentality of state government. If the state proposes to acquire, construct, alter, or lease any land or structure to be

used as a penal institution or correctional facility, and the proposed use is inconsistent with or contrary to local planning regulations or the comprehensive plan for the area, then the secretary of the corrections cabinet, or his designee, shall notify, in accordance with KRS 424.180, the planning commission, the local governing body, who has jurisdiction over the area involved, and the general public of the state's proposals for the area, and he shall hold a public hearing on the proposals within the area at least ninety (90) days prior to commencing such acquisition, construction, alteration or leasing. A final report on the public hearing shall be submitted to the governor and members of the general assembly within twenty-five (25) days of the public hearing, and prior to commencing any construction, alteration, acquisition or leasing of such property or facilities.

The appellants argue that Nelson County is subject to local zoning regulations and maintain that nothing in KRS 100 et seq. exempts cities or counties from zoning requirements.

■ When interpreting a statute, a court is to construe the language to give effect to the legislative intent. *Manning v. Kentucky Board of Dentistry,* Ky.App., 657 S.W.2d 584 (1983). In Kentucky, counties and cities are "local governmental units or political subdivisions with the dual purpose of performing purely local functions and of serving as arms of the state government in the local administration of various state functions." *City of Lexington v. Hager,* Ky., 337 S.W.2d 27 (1960). *See also City of Hazard v. Duff,* 287 Ky. 427, 154 S.W.2d 28 (1941). A city or county is an instrumentality of state government, and as such, is immune from complying with zoning regulations.

■ The appellants point to the joint city-county planning commission and the adoption of a comprehensive plan for Nelson County, Bardstown, Bloomfield, Fairfield, and New Haven, and argue that the county elected to be bound by its own regulations. Nelson County is complying with the legislative mandate in KRS 441.-025 that requires each county to provide for the incarceration of prisoners. The legislature, by enacting KRS 100.361(2), showed its intent that zoning regulations may not override implementation of governmental functions. The county may not do something which is in conflict with a state statute. *See Commonwealth v. Do, Inc.,* Ky., 674 S.W.2d 519 (1984). Of course, the Fiscal Court, by approving a project which may be contrary to a zoning ordinance, will still be politically accountable to its own constituency for its decision.

The appellants cite authority from other jurisdictions for the proposition that a county must adhere to local zoning regulations. The cases are from jurisdictions which do not have a statute like ours which explicitly grants immunity from zoning regulations. Although some arguments from the other jurisdictions are compelling (*see Macon Ass'n for Retarded Citizens v. Macon-Bibb Co. Planning & Zoning Comm.,* 252 Ga. 484, 314 S.E.2d 218 (1984), for a summary of the analysis used by other courts to determine the applicability of local zoning regulations), they are inapplicable because in Kentucky counties have been given a legislative grant of immunity.

■ The appellants' other argument on appeal is that KRS 100.361(2) requires the Secretary of the Corrections Cabinet, or his designee, to notify certain entities of the proposal for the county jail and to hold a hearing on the proposal. The appellants point to state action by the involvement of the Corrections Cabinet and the Jail Construction Authority. We are not persuaded by the appellants' argument.

The second sentence of subsection two (2) of the statute specifically includes political subdivisions of state government in the legislative grant of immunity. The provision in the statute relating to public hearings conducted by the Secretary is limited to the state. The statute does not require the public hearings when a political subdivision rather than a department or agency of

the state government itself seeks to establish a jail.

The appellants' argument is not bolstered by the involvement of the Kentucky local correctional facilities construction authority. The Authority provides an alternate method of constructing and financing a jail operated by a county or urban-county government. Pursuant to the lease and participation agreement between the Authority and Nelson County, the jail construction is considered a project of the county, not the Authority. The deeding of the jail to the Authority after its completion, and the county's leasing the jail until the project bonds are paid and retired, is to facilitate the financing mechanism for the local jail.

The requirements of a public hearing are incorporated into KRS 196.135. KRS Chapter 196 deals with the Correction Cabinet's duties regarding state penal institutions or correctional facilities established and operated by the Cabinet. The public hearing requirements are not found in KRS 441.005 et seq. which concerns county jails and correctional facilities operated by a political subdivision.

After a public hearing required by the statute is held, the Secretary must report to the governor and the legislature. The circuit court found that this was indicative of the legislative intent that the statute apply to penal institutions and correctional facilities benefitting the entire state. We agree with the circuit court statement that "[i]f it [KRS 100.361(2)] were intended to apply to local jails, the legislature would have provided that the secretary report to the county judge-executive or mayor and the county or city legislative bodies." The Secretary of the Corrections Cabinet is required by KRS 100.361(2) to hold a public.

hearing when it is seeking to establish a penal or correctional facility on behalf of the state. The statute does not require a hearing when a county proposes to establish a county jail.

The circuit court judgment is affirmed.

CLAYTON, J., concurs.

HAYES, J., concurs in result by separate opinion.

HAYES, Judge, concurring in result:

I reluctantly concur with the majority opinion. Reluctantly because what we have held in this case is that a county may place a correctional facility, a jail, any place within that county or in a city within that county contrary to any planning regulation or comprehensive plan for the area and without any public hearing.

However, as this opinion states, the legislature has spoken. The legislature created KRS 100.361(2). The only remedy for citizens in the position of these appellants in the future appears to be by petition to the legislature for a change in the law. It is inconceivable to me why the state, which enjoys sovereign immunity, is required to have public hearings for its involvement in a correctional facility and, at the same time, the county, an instrumentality of the state doing the same thing, is not required to do so. KRS 100.361(2), however, may be so interpreted.