**Galen NELSON, Plaintiff–Appellant,**

v.

**JEFFERSON COUNTY, KENTUCKY, et al., Defendants–Appellees.**

**No. 87–6070.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 30, 1988.

Decided Dec. 12, 1988.

Rehearing and Rehearing En Banc Denied March 14, 1989.

Cecil Davenport, Philip C. Kimball (argued), Louisville, Ky., for plaintiff-appellant.

William Warner (argued), Bill Hoge, III, Louisville, Ky., for defendants-appellees.

Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and McRAE,* Senior District Judge.

McRAE, Senior District Judge.

Appellant, Galen Nelson, brought this action under 42 U.S.C. § 1983 against the Jefferson County, Kentucky, Police Department ("County") and its officials, alleging that the County violated appellant's constitutional rights during a departmental investigation which ultimately led to his discharge. Nelson exercised his right to a review within administrative proceedings by appealing his discharge to the Jefferson County Police Merit Board ("Merit Board"), which upheld it as being proper. The court below granted a summary judgment for the defendants because the law of Kentucky would give preclusive effect to the findings and holding of the Merit Board; therefore *University of Tenn. v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) directs that the federal courts also give preclusive effect to the Merit Board's decision. This court now affirms.

Prior to his discharge in 1982, appellant worked as a County police officer. The discharge was preceded by a departmental

* The Honorable Robert M. McRae, Jr., Senior Judge of the United States District Court for the Western District of Tennessee, sitting by designation.

investigation in which appellant was found to have engaged in improper conduct. It was during the course of his investigation that appellant filed this Section 1983 case alleging his constitutional rights were violated. Thus, appellant amended his complaint to include his discharge as an additional violation.

Notwithstanding his lawsuit in federal court, Nelson sought a review of his discharge by the Merit Board under the statutory procedure set out in KRS 78.455(1). A full evidentiary hearing was conducted by the Merit Board, and at its conclusion, the discharge was upheld. Appellant took a statutory appeal to the Jefferson County Circuit Court; however, after over a year of inactivity, the Circuit Court entered an order of dismissal. Later upon the application of the appellant, the Circuit Court amended its order of dismissal to include the language "without prejudice to the substantial rights of any of the parties."

In *University of Tenn. v. Elliott, supra,* the Supreme Court held that when a state agency is acting in a judicial capacity, even unreviewed state administrative determinations may preclude a trial on the same issues in federal court if the determination would be entitled to preclusive effect in the appropriate state court. Thus, the application of *Elliott* is a three-step process: first, was the agency acting in a judicial capacity; second, would the decision have preclusive effect under Kentucky law; and third, does the federal action seek to litigate issues already determined by the state agency.

An administrative board acts in a judicial capacity when it hears evidence, gives the parties an opportunity to brief and argue their versions of the facts, and the parties are given an opportunity to seek court review of any adverse findings. *Detrex Chem. Industries v. Emp. Ins. of Wausau,* 681 F.Supp. 438, 454 (N.D. Ohio 1987). The Merit Board conducted a full evidentiary hearing, and the parties were given a fair opportunity to seek a court review. Thus, the Merit Board was acting in a judicial capacity.

This court must next look to the law of Kentucky and determine whether the courts of that state would give preclusive effect to the factual findings of its administrative agencies. In general, Kentucky courts apply the doctrine of issue preclusion as to matters which were necessarily involved and determined in a former action. *Barnes v. McDowell,* 848 F.2d 725, 730 (6th Cir.1988).

Kentucky courts subscribe closely to the philosophy of the Restatement 2d of Judgments § 83 comment b, where it said:

> Where an administrative forum has the essential characteristics of a court, therefore its determinations should be afforded the same finality that is accorded the judgment of a court. The importance of bringing a legal controversy to conclusion is generally no less when the tribunal is an administrative tribunal than when it is a court. *Barnes v. McDowell,* 647 F.Supp. 1307, 1311 (E.D.Ky.) (reversed by same Court in 661 F.Supp. 498 (1987) on other grounds).

Appellant asserts that his successful effort to amend the order of the Kentucky Circuit Court dismissing his appeal of the Merit Board decision with the "without prejudice" language, negates, for preclusive effect purposes, the normal legal effect of the Merit Board decision. We do not agree. We read the "without prejudice" language as indicating that the Kentucky courts would not accord the dismissal absolute preclusive effect to prevent the appellant from obtaining some further state judicial review, if any might then be available. This is particularly persuasive where the order came after a full year of inactivity and provided that the dismissal was without prejudice to the rights of "any of the parties." The circuit court returned the appellant to the same position he would have enjoyed if he had never exercised his right to appeal; however, under Kentucky law, this does not affect the preclusive effect of the Merit Board decision until a Kentucky court disturbs it in a timely manner under Kentucky law.

The final step in the *Elliott* analysis is a determination of whether the issues litigated by the Merit Board are the same issues sought to be litigated in the federal action. Since *Elliott* dealt with issue preclusion, any issues not necessarily involved in and

determined in the Merit Board hearing, will not be precluded in federal court. *Barnes v. McDowell, supra,* 848 F.2d at 730.

The Merit Board has the authority to hear and act on claims of unconstitutional treatment. The Board explicitly ruled on all of appellant's constitutional claims:

> The Board remains of the firm opinion that none of appellant's constitutional rights were violated by the investigation or administrative prosecution of this matter. The Board specifically finds and is unanimous on this point, that the officers who participated in this case ... acted in good faith and in a manner which they believed to be lawful, proper and necessary in view of all circumstances which they were required to act. Merlt Board Rept. pp. 6–7.

Appellant seeks to relitigate in federal court issues that have already been decided by the Merit Board. Kentucky law afforded appellant the right to judicial review of the Merit Board's decision while acting in a judicial capacity. *Elliott* precludes him from pursuing relief in federal court. Therefore, the District Court is affirmed.