83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cother D. HEARN, Plaintiff-Appellant,
v.
Regina S. VEASY; Shirley McClain; Cynthia A. Gardner,
Defendants-Appellees.
 No. 95-1051.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1996.
 
 Before: MERRITT, Chief Judge; CONTIE and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Cother D. Hearn, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Hearn sued three court reporters employed with the Recorder's Court in Detroit, Michigan, alleging that they conspired to violate his right of access to the courts. Specifically, Hearn alleged that: 1) defendant Veasy did not provide him with a copy of his guilty plea transcript, even though she accepted payment for the transcript; 2) defendant McClain deprived him of his co-defendant's suppression hearing transcript, which included evidence exculpatory to him; and 3) defendant Gardner altered his guilty plea transcript. The defendants filed a motion to dismiss or in the alternative for summary judgment. Upon review, a magistrate judge filed a report recommending that the district court grant the defendants' motion for summary judgment as Hearn's complaint was barred by the doctrine of res judicata. Over Hearn's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint.
 
 
 3
 On appeal, Hearn argues that: 1) the district court improperly applied the doctrine of res judicata to his claims; 2) there were genuine issues of material fact that should have precluded summary judgment; and 3) a jury should have decided the issue of whether a conspiracy existed.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Michigan's doctrine of res judicata bars Hearn's claims against the defendants. See Barnes v. McDowell, 848 F.2d 725, 730 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989). In actions filed under § 1983, federal courts must give a state agency's factual findings the same preclusive effect that the state courts would give them. Cf. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984) (federal courts should give same preclusive effect to claims as they would be given under the law of the state in which the judgment was rendered. Michigan courts recognize the preclusive effect of final determinations by administrative agencies whether or not the determinations by administrative agencies whether or not the determinations have been reviewed in a state court proceeding. See Polk v. Yellow Freight Sys., 801 F.2d 190, 193 (6th Cir.1986). In addition, the Michigan Administrative Procedures Act provides litigants the right to seek judicial review of decisions by administrative agencies. See M.C.L. §§ 24.303-05.
 
 
 5
 Hearn filed an action with the Michigan State Courts Administrator's Office ("MSCA"), alleging that the defendants improperly processed (or failed to process) his request for various transcripts. The MSCA ruled against him on the merits. Hearn now seeks to raise the same claim, alleging that the defendants conspired to violate his right of access to the courts. Because the essence of this claim had been presented and rejected in his earlier action, Michigan law would preclude him from raising it in any subsequent action. Moreover, the MSCA was acting in a judicial capacity following a full evidentiary hearing with an opportunity for state court review. Cf. Nelson v. Jefferson County, Ky., 863 F.2d 18, 18-19 (6th Cir.1988), cert. denied, 493 U.S. 820 (1989) (preclusion afforded to agency determinations where the agency was acting in a judicial capacity following a full evidentiary hearing with an opportunity for state court review).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.