CITY OF LOUISVILLE BOARD OF ZONING ADJUSTMENT and U.S. Corrections Corporation, Appellants,

v.

Allen K. GAILOR; Sandra K. Gailor; Martin Welenken, Trustee, d/b/a Market Street Professional Building; and William Mapother, Appellees.

No. 95–CA–0045–MR.

Court of Appeals of Kentucky.

May 3, 1996.

Frank F. Chuppe, Cynthia B. Doll, David B. Blandford, Louisville, for Appellant, U.S. Corrections Corporation.

Mike Conliffe, Paul B. Whitty, Louisville, for Appellant, City of Louisville Board of Zoning Adjustment.

Robert M. Klein, Charles M. Friedman, Louisville, for Appellees.

Before LESTER, C.J., and HOWERTON and KNOPF, JJ.

LESTER, Chief Judge.

This is a zoning appeal by the Louisville Board of Zoning Adjustment (BOA) and U.S. Corrections Corporation (Corrections), a private for profit corporation, from a decision of the Jefferson Circuit Court that reversed the City of Louisville Board of Zoning Adjustment's grant of a conditional use permit to allow U.S. Corrections Corporation to operate a correctional facility pursuant to a contract with the Jefferson County Fiscal Court.

Jefferson County entered into a Consent Decree in the U.S. District Court, Western District of Kentucky, on October 2, 1985, whereby Jefferson County agreed to limit the population at its existing correctional facilities. Instead of building additional facilities, the Fiscal Court contracted with Corrections to provide up to 350 beds of inmate housing. Corrections owned a facility it planned to use in downtown Louisville, Jefferson County. The property in question was subject to zoning by the Louisville zoning ordinance which allowed, among other uses, certain community residential facilities, specifically "social rehabilitation residences" as a conditional use. Twice applications were made to the BOA for a conditional use to operate the private jail. Twice the BOA approved the proposal and twice the circuit court reversed the BOA. The BOA and Corrections appealed the last reversal.

■ A number of issues have been raised on appeal, but we are of the opinion that our decision of two are dispositive of the case. Appellants' first argument is that a county jail is exempt from zoning. We agree. KRS 100.361(2) provides:

> Any proposal affecting land use by any ... instrumentality of state government shall not require approval of the local planning unit. However, adequate information concerning the proposals shall be furnished to the planning commission....

We decided in *Edelen v. Nelson County*, Ky.App., 723 S.W.2d 887, 889 (1987) that "A city or county is an instrumentality of state government, and as such, is immune from complying with zoning regulations." That case also dealt with the construction of a county jail contrary to the local zoning regulations.

■ KRS 100.361(2), our legislative grant of immunity, as quoted above, does require submission of the proposal to the local planning commission which may review and offer suggestions. However, the county does not have to have the planning commission's approval, nor does the county need to follow the planning commission's suggestions. "Of course, the Fiscal Court, by approving a project which may be contrary to a zoning ordinance, will still be politically accountable to its own constituency for its decision." *Edelen v. Nelson County, supra,* at 889.

■ Appellees would have us distinguish *Edelen v. Nelson County, supra,* from the case sub judice because Corrections, and not the county, owns the land. That is a distinction without a difference. Land use regulations in Chapter 100 of the Kentucky Revised Statutes distinguish between zoning regulations (KRS 100.203), which regulates the uses of land, and subdivision regulations (KRS

100.281), which deal with the ownership of land. This Court is of the opinion that the grant of legislative immunity from zoning applies to a county's use of the property rather than a county's ownership thereof. Indeed, the specific wording of the statute says "land use". (See page 890 of *Edelen v. Nelson County, supra,* where the county leased the facility.) To hold otherwise would exempt county tenants from zoning and at the same time prohibit the county from leasing or acquiring anything less than a fee simple absolute when seeking to locate a permanent or temporary facility for a county service. Such a result would be absurd and we must attempt to make that interpretation of a statute which does not lead to absurdity. *Newport Benevolent Burial Assn. v. Clay,* 170 Ky. 633, 186 S.W. 658 (1916).

The second issue is whether Corrections receives benefit from the County's immunity from zoning where Corrections owns and operates the county jail? We believe that the operation of a county jail is a governmental function of fiscal court, and where, as here, the fiscal court contracts with a company to provide either the facility or staffing, or both, the jail operation enjoys the same immunity from the local zoning ordinance regulations as if the fiscal court and its jailer owned and ran the facility.

By law, KRS 441.025, the fiscal court of each county *shall* provide for the incarceration of prisoners arrested in the county (whether the fiscal court can, through agreements, utilize private jails is not an issue in this case as the fiscal court is not a party to this controversy). Thus, there can be no doubt that the operation of a county jail is a government function. No one suggests that a jail, a state prison, or federal penal institution can be operated by the private sector without governmental consent, contract, and regulation. Likewise, this Court is not about to rule how far the fiscal court can go in privatization of a county jail without the fiscal court being a party. Suffice it to say that under the facts of this case, Corrections is operating a county jail under contract and control of the fiscal court, much like the fiscal court in *Regional Jail Authority v. Tackett,* Ky., 770 S.W.2d 225 (1989). Providing for a county jail is a fiscal court, governmental function that is exempt from local zoning ordinance regulations because the legislature "[b]y enacting KRS 100.361(2), showed its intent that zoning regulations may not override implementation of *governmental functions.*" (Emphasis added.) *Edelen v. Nelson County, supra,* at 889. Again, *Edelen v. Nelson County, supra,* involved the construction and operation of a county jail with a financing mechanism which required the county to lease, rather than buy the building. *See also Commonwealth v. Carroll County Fiscal Court,* Ky.App., 633 S.W.2d 720 (1982) which allowed an alternative to a county owned and operated facility.

Given our opinion as to the first two issues, the other issues raised in the brief are moot at this time. Also, by this opinion we are not expressing our approval of this private jail or the manner in which it is being operated.

For the foregoing reasons, the decision of the circuit court is reversed and remanded for a judgment consistent with this opinion.

All concur.