**PRESBYTERIAN CHILD WELFARE AGENCY OF BUCKHORN, KENTUCKY, INC., Plaintiff,**

v.

**NELSON COUNTY BOARD OF ADJUSTMENT, et al., Defendants.**

Civil Action No. 3:00CV–328–H.

United States District Court, W.D. Kentucky, at Louisville.

June 22, 2001.

Paul Baker Whitty, Michael F. Tigue, Elizabeth S. Gray, Greenebaum Doll & McDonald, Louisville, KY, for plaintiff.

Michael E. Coen, Fulton, Hubbard & Hubbard, Bardstown, KY, Dave Whalin, Landrum & Shouse, Louisville, KY, for defendants.

## MEMORANDUM OPINION

HEYBURN, District Judge.

The parties have filed cross motions for summary judgment and partial summary judgment. In Count I of the complaint, Plaintiff, Presbyterian Child Welfare Agency ("PCWA"), seeks a declaration that it is an "instrumentality of state government," immune from the decisions of

local planning boards under Kentucky Revised Statute ("KRS") 100.361. In Count II, PCWA claims that the Nelson County Board of Zoning Appeals ("BOZA") violated the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3604(f)(1)(b) & 3(b) by denying PCWA's conditional use permit application to operate a group home for abused, neglected and disabled teenage boys. PCWA moves for summary judgment on Count I. The Nelson County Board of Adjustments moved to dismiss both counts on the grounds of *res judicata* and the *Rooker–Feldman* doctrine. For the reasons stated here, the Court will dismiss Count I of the complaint.

## I.

PCWA owns thirty acres on Boston Road in an unincorporated section of Nelson County, Kentucky. In May of 1997 it applied for a conditional use permit to operate a group home for teenage boys on the property. The BOZA held a hearing on the application in June, 1997. A representative from PCWA explained the nature of the group home program and a number of neighbors aired concerns. The BOZA denied the permit based on concerns of the neighbors, concerns for the safety of the residents (both those in the area and those in the group home), flooding, and because "the number of kids proposed does not blend in with the character of the area."

PCWA appealed the permit denial to Nelson Circuit Court arguing that the BOZA hearing denied procedural due process and that the BOZA decision was arbitrary. Plaintiff also attempted to include a claim that the BOZA violated the FHAA. In February, 1998, the state court found that the BOZA hearing did not deny PCWA procedural due process and was supported by substantial evidence. *Presbyterian Child Welfare Agency, Inc. v. Nelson County Board of Adjustment*, No. 97–CI–00331 (Nelson Cir. Ct. Entered Feb. 17, 1998) (the "1998 Suit"). The Court refused to allow PCWA to amend its petition to include the FHAA claim. *Id.* Permission to amend the complaint was denied because PCWA did not raise this issue before the BOZA and because the PCWA had not described the children as disabled. *Id.* PCWA did not appeal this ruling.

Instead, three months later, on June 11, 1998 PCWA made a second appearance before the BOZA this time raising its FHAA claim. At this hearing it again explained the group home program and described the children as having "emotional handicaps and educational disabilities." Sam Wheatley, Director of Pupil Personnel, Bardstown City Schools, testified that the current residents qualified for special education services, that the group home program is designed for children of this nature, and that PCWA runs an excellent program. The BOZA denied the petition without any discussion or formal findings.[1] Almost two years later, PCWA filed the present federal action.

## II.

◼ The judicial proceedings of any state court have the same full faith and credit in every court within the United States as in the courts of that state. 28 U.S.C. § 1738; *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). This principle applies with full force to a state court's review of a state administrative agency. *See Kremer*, 456 U.S. at 466–67, 102 S.Ct. 1883. This Court may hear PCWA's

---

1. The motion to deny PCWA's petition was actually framed as a motion to deny the petition pending a ruling by the Court of Appeals.

The BOZA members apparently believed (erroneously) that PCWA had appealed the first circuit court ruling.

claims only if Kentucky's law of *res judicata* would not bar a Kentucky court from hearing them.

In Kentucky, *res judicata* is an affirmative defense which operates to bar repetitious suits involving the same cause of action. *Yeoman v. Commonwealth,* 983 S.W.2d 459, 464 (Ky.1998). *Res judicata* encompasses both claim preclusion and issue preclusion. "Claim preclusion" bars any further litigation on the same cause of action where: (1) there was an identity of parties; (2) an identity of the causes of action that were brought or could have been brought; and, (3) the action resolved on the merits. *Id.* at 465. Issue preclusion bars parties from re-litigating issues actually litigated and decided in an earlier lawsuit. *Id.*

*Res judicata* bars a second suit only in so far as it involves the same cause of action as a former suit:

> "[W]here the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, *the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."*
>
> *Louisville v. Louisville Professional Firefighters Ass'n,* 813 S.W.2d 804, 807 (Ky., 1991) (quoting *Cream Top Creamery v. Dean Milk Co.,* 383 F.2d 358, 362 (6th Cir.1967)) (emphasis added).

If the subject matter of the second lawsuit is not identical with the first, claim preclu-

sion does not apply. *Yeoman,* 983 S.W.2d at 465. If an issue advanced in the second lawsuit was not actually litigated, decided, and necessary for the result in the first decision, the issue is not precluded. *Id.*

### A.

PCWA claims that its contractual relationship with the state of Kentucky makes it an "instrumentality of state government" within the meaning of KRS 100.361(2) and, therefore, not subject to regulation by local planning units such as the Nelson County BOZA. KRS 100.361(2) provides:

> "Nothing in this chapter shall impair the sovereignty of the Commonwealth of Kentucky over its political subdivisions. Any proposal affecting land use by any department, commission, board, authority, or instrumentality of state government shall not require approval of the local planning unit. However, adequate information concerning the proposals shall be furnished to the planning commission by the ... instrumentality of state government. If the state proposes to acquire, construct, alter, or lease any land or structure to be used as a penal institution ... and the proposed use is inconsistent with or contrary to local planning regulations ... the secretary of the Justice Cabinet, or his designee, shall notify, in accordance with KRS 424.180, the planning commission, the local governing body, *who has jurisdiction over the area involved* ... and he shall hold a public hearing ..." (emphasis added).

Kentucky courts characterize KRS 100.361(2) as a "legislative grant of immunity" from the decisions of local planning commissions. *Louisville Bd. of Zoning Adjustment v. Gailor,* 920 S.W.2d 887, 888 (Ky.Ct.App.1996). A private entity performing a governmental function

through a contractual relationship with local government may gain such immunity. *Id.* at 889 (allowing a private corporation to claim immunity for the operation of a county jail). This Court need not determine whether PCWA could have prevailed in Nelson County Circuit Court had it asserted KRS 100.361(2). The Court need only determine whether the issue is so integral to PCWA's application for a conditional use permit as to fall within the preclusive effects of the 1998 decision. *Yeoman,* 983 S.W.2d at 465 ("if the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action.").

The controversy in the 1998 state action was whether the 1997 BOZA hearing was a denial of due process or so lacked evidentiary support as to be arbitrary. As an immunity KRS 100.361(2) is an affirmative defense to denial of a permit by a local planning board. As such, KRS 100.361(2) is directly related to the 1998 action challenging BOZA's authority to deny PCWA's permit. Had this defense been successfully raised, the court would have found the BOZA did not have the authority to deny PCWA a permit and reversed the decision to deny the permit. *See Gailor,* 920 S.W.2d at 888. The KRS 100.361(2) immunity claim and the 1998 action are thus rooted in the same controversy. The immunity claim is therefore precluded in this federal court under *Yeoman* and 28 U.S.C. § 1738.[2]

**B.**

■ Plaintiff's FHAA claim alleges that BOZA failed to reasonably accommodate the disability of PCWA residents and discriminated against them because of their disabilities. The Nelson County Circuit Court expressly refused to consider it because the cause of action did not ripen until after the BOZA rendered its decision and because the record as to the children's disability was not fully developed at the 1997 BOZA hearing. The state court's on-the-record review of the administrative record concerned only the process and content of the 1997 BOZA hearing. Plaintiff's FHAA claim concerns not the process and content of the BOZA hearings, but rather that their result—denying PCWA a permit—violated the FHAA. The substantive issues in the FHAA claim—whether the BOZA had discriminated against or failed to reasonably accommodate PCWA due to its residents' disabilities—are entirely removed from the issues litigated in the 1998 Suit. The FHAA claim is therefore different from and not related to the claims actually litigated and determined in the 1997 BOZA hearing and 1998 state court action. *Res judicata* does not preclude such a suit based on a controversy distinct from the earlier suit. *See Louisville Professional Firefighters Ass'n,* 813 S.W.2d at 807.

■ Nor does the 1998 BOZA hearing bar the FHAA claim. In *University of Tenn. v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) the Supreme Court held that "when a state agen-

---

2. PCWA argues that KRS 100.361(2) deprives the BOZA and Nelson County Circuit Court of subject matter jurisdiction and, as such, renders the 1998 judgement void. In fact, KRS 100.361(2) does not deprive courts of jurisdiction but rather confers immunity on governments and their instrumentalities. *Louisville Board of Zoning Adjustment,* 920 S.W.2d at 888. KRS 100.361(2) itself explicitly recog-

nizes that local governing bodies retain jurisdiction and must be notified when the state proposes to construct a penal institution within their boundaries. Like other grants of sovereign immunity, KRS 100.361(2) is subject to the principle of *res judicata. See, United States v. County of Cook,* 167 F.3d 381, 389 (7th Cir.1999).

cy acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate ... federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the state courts." Under Kentucky law, the decisions of administrative agencies acting in that capacity are entitled to the same *res judicata* effect as judgments of a court. *Godbey v. University Hospital of the Albert B. Chandler Medical Center, Inc.*, 975 S.W.2d 104, 105 (1998). In the Sixth Circuit a state administrative agency's fact finding determinations are entitled to preclusive effect in a subsequent federal action where: (1) the agency acted in a judicial capacity; (2) the agency's decision has preclusive effect under state law; and (3) the federal action litigates issues determined by the agency. *Nelson v. Jefferson County*, 863 F.2d 18, 19 (6th Cir.1988). An agency acts in a judicial capacity when it hears evidence, gives parties an opportunity to brief and argue their versions of the facts, and gives parties an opportunity to seek court review of these findings. *Id.*

■ At the May 1998 hearing the BOZA did not make any findings of fact. In fact, it acted under the mistaken belief that the FHAA claim was on appeal to state court. Under Kentucky law, if an agency does not make findings of fact the agency's decision cannot have a preclusive effect. *Morris v. Catlettsburg*, 437 S.W.2d 753, 755 (Ky.1969) (holding that procedural due process requires a hearing, the taking and weighing of evidence, a finding of fact based on consideration of the evidence, an order, and judicial review) (quoting *Ken-*

*tucky Alcoholic Beverage Control Board v. Jacobs*, 269 S.W.2d 189, 192 (Ky.1954)). Because BOZA made no specific findings of fact, nor any substantive legal conclusions as to the FHAA claim, this Court cannot ascertain the issues decided at the May 1998 BOZA hearing.

The Court concludes that *res judicata* does not bar Plaintiff's FHAA claim.[3]

### III.

■ KRS 100.347 provides that all grievances from the decisions of local land use boards shall be brought in state circuit court. Plaintiff did not appeal the May 1998 BOZA decision to the state court and, therefore, has not exhausted its administrative remedies. However, the exhaustion of remedies requirement does not bar a cause of action alleging a violation of the FHAA by local land use agencies. 42 U.S.C. § 3613(a)(1)(A) provides that "An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice ..." It requires no prior administrative process. § 3613(a)(1)(2). In *Advocacy and Resource Center v. Chazy*, 62 F.Supp.2d 686, 688 (N.D.N.Y.1999), the federal district court found that state court administrative remedies need not be exhausted before one makes a claim under the Fair Housing Act reasoning, "[i]t would seem logical that if the aggrieved party does not need to exhaust HUD remedies before filing a federal action, he or she should not have to exhaust local remedies." *See also, Huntington Branch,*

---

**3.** Since 42 U.S.C. § 3613(a)(2) permits a party to bring an FHAA claim without exhausting administrative remedies, see section III *supra*, the BOZA hearing might not have a preclusive effect on an action in federal court even if the requirements of *Elliott* are met. Section

3613(a)(2) could be construed as a congressional exception to the federal common law announced in *Elliott*. *See Elliott*, 478 U.S. at 795, 106 S.Ct. 3220 (finding Title VII creates an exception to normal rules of preclusion).

*N.A.A.C.P. v. Town of Huntington,* 689 F.2d 391, 394 n.3 (2d Cir.1982); *see generally, Smith & Lee Assoc., Inc., v. Taylor,* 102 F.3d 781 (6th Cir.1996) (allowing plaintiff group home to bring a claim under 42 U.S.C. § 3604(f) directly in district court with no mention of appeal in state court); *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) (Fair Housing Act claim against city brought directly in U.S. district court).

This Court agrees with this logic. Plaintiff's FHAA claim is not barred for failure to exhaust its state law remedies.

### IV.

■■■ The *Rooker–Feldman* doctrine identifies the well-settled principle that lower federal courts may not review state court decisions. The doctrine operates similarly to *res judicata* in these circumstances. *Rooker–Feldman* has come to stand for the proposition that lower federal court's do not have jurisdiction to hear claims that were actually litigated or "inextricably intertwined" with adjudication by a state's courts.[4] *Patmon v. Michigan Supreme Court,* 224 F.3d 504, 510 (6th Cir.2000); *Parkview Assoc. Partnership v. Lebanon,* 225 F.3d 321, 325 (3rd Cir.2000). This is true where "federal relief can only

be predicated upon a conviction that the state court was wrong." *Parkview,* 225 F.3d at 325.

The *Parkview* decision is particularly instructive. In that case a nursing home filed suit against a city arguing that the denial of a zoning permit violated its rights under the FHAA. The local zoning board had denied the home a permit, the home appealed to the lower state court without specifically raising an FHAA claim. The state court affirmed the board's decision without mentioning the discrimination claim, limiting its review to the administrative record. *Id.* at 323. It held that the discrimination claim was not "inextricably intertwined" with the state court's appellate review of the administrative decision. Rather, the discrimination claim was independent of this "on the record" review. *Id.* at 327; *see also, Centres, Inc., v. Brookfield,* 148 F.3d 699, 703 (7th Cir. 1998) (*Rooker–Feldman* does not bar suit in federal court where plaintiff alleged local zoning board decision denying permit violated due process rights even after first bringing suit in state court).

■■■ Plaintiff's immunity claim is directly related to the 1998 lawsuit brought in Nelson County Circuit Court. In affirming the BOZA decision the state court

---

4. The doctrine is based on 28 U.S.C. § 1257 which states, in relevant part: [f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari. Construing this statute in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923), the Supreme Court held that the federal district court lacked jurisdiction to review a state supreme court decision, the only recourse being an appeal to the U.S. Supreme Court under § 1257. Sixty years later in *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), plaintiffs filed suit in federal court seeking permission to sit for the District of Columbia bar examination without having at-

tended an ABA accredited law school, a violation of D.C. bar rules. Before filing in federal district court the D.C. Court of Appeals had rejected plaintiffs' petition to sit for the D.C. bar based on equitable considerations. The federal suit appealed the decision of the D.C. Court denying a waiver and also alleged Constitutional violations. The Court held that the district court could not hear the waiver claim because it was "inextricably intertwined" with the state court proceedings. *Id.* at 482–83, 103 S.Ct. 1303. However, to the extent that plaintiffs "mounted a general challenge to the constitutionality of [the rule] ... the district court did have subject-matter jurisdiction over their complaints." *Id. See also, Parkview,* 225 F.3d at 324–25.

implicitly held that BOZA had the authority to grant or deny the permit. To rule on Plaintiff's immunity claim would require this Court to find that the Nelson County Circuit Court was wrong on this issue. *Rooker–Feldman* bars such an inquiry. On the other hand, Plaintiff's FHAA claim is not inextricably intertwined with the 1998 lawsuit. The Nelson County Circuit Court expressly declined to consider this claim. Therefore, this Court would not need to find that the state court was wrong should Plaintiff prevail on the merits of this claim (an issue on which this Court expresses no opinion at this time). *See Parkview,* 225 F.3d at 327.[5] Consequently, the *Rooker–Feldman* doctrine does not bar the FHAA claim.

The parties have not briefed any substantive aspects of the FHAA claim and the Court is not certain whether it could resolve this claim on a preliminary motion. Consequently, the Court must deny the motion to dismiss the FHAA claim at this time.

The Court will enter an order consistent with this Memorandum Opinion.

### ORDER

Each party has moved for summary judgment or to dismiss various claims. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that as to Plaintiff's motion for summary judgment as to its claim under KRS 100.361 is DENIED. Defendants' motion to dismiss that claim is SUSTAINED and Plaintiff's KRS 100.361 claim is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants' motion to dismiss the FHAA claim is DENIED. Therefore, Plaintiff's

---

**5.** State administrative agencies are not "courts" within the meaning of the Rooker–Feldman doctrine. *Narey v. Dean,* 32 F.3d 1521, 1524–26 (11th Cir.1994); *Ivy Club v. Edwards,* 943 F.2d 270, 284 (3d Cir.).

only remaining claim is under the Fair Housing Amendments Act of 1988.