**Charles Demetric JACKSON, Appellant,**

v.

**Vertner L. TAYLOR, Appellee.**

**No. 2003–CA–000339–MR.**

Court of Appeals of Kentucky.

Feb. 20, 2004.

Discretionary Review Denied by Supreme Court Feb. 9, 2005.

Charles Jackson, West Liberty, pro se.

Brenn O. Combs, Frankfort, KY, for appellee.

Before COMBS, JOHNSON and MINTON, Judges.

*OPINION*

JOHNSON, Judge.

Charles Demetric Jackson, *pro se*, has appealed from an order of the Franklin Circuit Court entered on January 16, 2003, which dismissed his petition for a writ of mandamus or, in the alternative, petition for a declaratory judgment or injunctive relief. Having concluded that the trial court did not err by dismissing Jackson's petitions for relief, we affirm.

On November 21, 2001, Jackson appeared in Boyle Circuit Court and entered guilty pleas to three counts of assault in the first degree,[1] and to two counts of assault in the second degree.[2] On January 16, 2002, after a pre-sentence investigation had been completed, the trial court followed the Commonwealth's recommendation and sentenced Jackson to concurrent, 15–year sentences for each of his three convictions for assault in the first degree, and to consecutive, ten-year sentences for each of his two convictions for assault in the second degree. Jackson's sentences for his convictions for assault in the first degree were set to run concurrently with the sentences for his convictions for assault in the second degree, which resulted in a total sentence of 20 years' imprisonment.

On December 2, 2002, Jackson filed in Franklin Circuit Court a *pro se* petition for a writ of mandamus or, in the alternative, petition for a declaratory judgment or injunctive relief. Jackson noted that the Boyle Circuit Court did not specifically designate on his final judgment and sentence that he had been convicted of a Class B felony involving the death or serious physical injury of the victim. According to Jackson, KRS 439.3401(1) requires such an express designation in order for a person to be considered a "violent offender" under the statute.[3] Jackson therefore asserted that he could not have been considered a "violent offender" and asked for the trial court to recalculate his sentence.

On January 8, 2003, Vertner L. Taylor, acting in his official capacity as Commissioner of the Kentucky Department of Corrections, filed a motion to dismiss Jackson's petitions for relief. Taylor argued that despite the absence of specific language stating that Jackson had been convicted of a Class B felony involving the death or serious physical injury of the victim, Jackson could still properly be considered a "violent offender" under KRS 439.3401. On January 16, 2003, the trial court agreed with Taylor and dismissed Jackson's petitions for relief. This appeal followed.

■ Jackson's primary claim of error on appeal is that he could not have been considered a "violent offender" under KRS 439.3401. Specifically, Jackson notes that his final judgment and sentence does not

---

1.  Kentucky Revised Statutes (KRS) 508.010. Assault in the first degree is a class B felony.

2.  KRS 508.020. Assault in the second degree is a class C felony.

3.  A prison inmates designation as a "violent offender" is significant. For example, under

KRS 439.3401(3), a violent offender "shall not be released on probation or parole until he has served at least eighty-five percent (85) of the sentence imposed." In addition, under KRS 439.3401(4), a violent offender is subject to certain restrictions with respect to the earning of good-time credit during his incarceration.

expressly state that he was convicted of a Class B felony involving the death or serious physical injury of the victim. Hence, according to Jackson, since KRS 439.3401(1) states that "[t]he [trial] court shall designate in its judgment if the victim suffered death or serious physical injury," he could not have been considered a "violent offender" under the statute. We disagree.

Pursuant to KRS 439.3401(1), a person is considered a "violent offender" if, *inter alia,* that person has been convicted of or has pleaded guilty to the commission of a "Class B felony involving the death of the victim or serious physical injury to a victim[.]" As we mentioned above, Jackson pled guilty to three counts of assault in the first degree, which is a Class B felony. Under KRS 508.010, a person is guilty of assault in the first degree when:

(a) He intentionally causes *serious physical injury* to another person by means of a deadly weapon or a dangerous instrument [emphasis added]; or

(b) Under circumstances manifesting extreme indifference to the value of human life he wantonly engages in conduct which creates a grave risk of death to another and thereby causes *serious physical injury* to another person [emphasis added].

Therefore, under KRS 508.010, a conviction for assault in the first degree necessarily means that the victim suffered "serious physical injury." Hence, when Jackson pled guilty to three counts of assault in the first degree, he effectively admitted that the victims of those offenses suffered serious physical injuries.[4] Jackson is correct that KRS 439.3401(1) requires trial courts to designate in its judgment whether the victim of a Class B felony "suffered death or serious physical injury." However, since a conviction for assault in the first degree necessarily means that the victim suffered "serious physical injury," a conviction for assault in the first degree appearing on a defendants final judgment satisfies the statutes designation requirement. Accordingly, Jackson was properly considered a "violent offender" under KRS 439.3401.

In addition to claiming that he could not have been considered a "violent offender" under KRS 439.3401, Jackson has argued in his brief that his final judgment and sentence may not now be amended to specifically state that he was convicted of a Class B felony involving the death or serious physical injury of the victim. In support of this argument, Jackson relies upon the law of the case doctrine and separation of power principles. However, as we stated previously, even though Jackson's final judgment did not expressly state that he had been convicted of a Class B felony involving the death or serious injury of the victim, Jackson was still properly considered a "violent offender" under KRS 439.3401. Accordingly, since there is no need to amend Jacksons final judgment and sentence, we will not discuss these issues on appeal.

■ Finally, Jackson argues that KRS 439.3401 violates both the principles announced in *Apprendi v. New Jersey,*[5] and the Eighth Amendment to the United

---

4. *See Taylor v. Commonwealth,* Ky.App., 724 S.W.2d 223, 225 (1986)(stating that a defendant who enters an unconditional guilty plea "admits the factual accuracy of the various elements of the offenses with which he is charged").

5. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the United States Supreme Court held that, *inter alia,* "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* 530 U.S. at 490, 120 S.Ct. 2348.

States Constitution.[6] However, since these issues were not raised before the trial court, we will not consider them for the first time on appeal.[7]

Based on the foregoing, the order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

---

6. U.S. Const. amend. VIII.

7. *See Abuzant v. Shelter Insurance Co.,* Ky. App., 977 S.W.2d 259, 262 (1998)(holding that an issue not presented to the trial court would not be considered for the first time on appeal).