Charles **FAMBROUGH**, Appellant

.v.

**DEPARTMENT OF CORRECTIONS,**
**Offender Information Services,**
**Appellee.**

No. 2005–CA–000033–MR.

Court of Appeals of Kentucky.

Feb. 3, 2006.

Charles Fambrough, Burgin, KY, pro se.

Brenn O. Combs, Kentucky Justice & Public Safety Cabinet Office of Legal Services, Frankfort, KY, for Appellee.

Before COMBS, Chief Judge; McANULTY, Judge; PAISLEY, Senior Judge.[1]

## OPINION

PAISLEY, Senior Judge.

On November 7, 2003, Charles D. Fambrough, Jr., appeared in Jefferson Circuit Court and pled guilty to sodomy in the first degree, assault in the second degree, criminal attempt-rape in the first degree, sexual abuse in the first degree, intimidating a witness and unlawful imprisonment in the second degree. Subsequently, on December 23, 2003, the trial court sentenced Fambrough to a total of ten years in prison. In the trial court's judgment of conviction and sentence, it did not state whether Fambrough's victim suffered either death or serious physical injury. Nevertheless, the Kentucky Department of Corrections (DOC) classified Fambrough as a "violent offender" pursuant to Kentucky Revised Statutes (KRS) 439.3401. KRS 439.3401, which is also known as the "violent offender statute," requires an inmate who has been classified as a violent offender to serve eighty-five percent of his sentence before being eligible for parole.

On May 7, 2004, Fambrough filed a *pro se* petition for declaratory judgment with the Franklin Circuit Court seeking to prohibit DOC from classifying him as a violent offender. The circuit court denied Fambrough's petition, and now he appeals to this Court.

On appeal, Fambrough points out that the Jefferson Circuit Court did not state in its judgment that his victim suffered either death or serious physical injury, nor did the trial court expressly state that he was being sentenced pursuant to the violent offender statute. According to Fambrough, a portion of KRS 439.3401(1) reads, "[t]he court shall designate in its judgment if the victim suffered death or serious physical injury." He insists that this requirement is mandatory; thus, for DOC to classify him as a violent offender, the trial court had to include the "death or serious physical injury" language in its judgment.

When we interpret a statute, we attempt to determine and effectuate the legislature's intent. KRS 446.080(1); *Commonwealth v. Reynolds*, 136 S.W.3d 442, 445 (Ky.2004). In addition, we will neither add language to nor subtract language from the statute. Nor will we interpret it in such a way to produce an absurd result. *Commonwealth v. Reynolds, supra.*

Subsection one of the violent offender statute reads:

As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the commission of a capital offense, Class A felony, or Class B felony involving the death of the victim or serious physical injury to a victim, or rape in the first degree or **sodomy in the first degree of the victim,** burglary in the first degree accompanied by the commission or at-

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

tempted commission of a felony sexual offense in KRS Chapter 510, burglary in the first degree accompanied by the commission or attempted commission of an assault described in KRS 508.010, 508.020, 508.032, or 508.060, burglary in the first degree accompanied by commission or attempted commission of kidnapping as prohibited by KRS 509.040, or robbery in the first degree. The court shall designate in its judgment if the victim suffered death or serious physical injury. (Emphasis added.)

KRS 439.3401(1). As can be seen, the violent offender statute does not apply to all Class B felonies, and the violent offender statute is not simply limited to those Class B felonies in which the victim died or suffered serious physical injuries. The statute clearly states that a violent offender is anyone who has pled guilty to or was convicted of sodomy in the first degree. KRS 439.3401(1). The statute applies to all convictions for sodomy in the first degree; just as it applies to all convictions for any capital offense, for any Class A felony and for rape in the first degree

regardless whether the victim suffered death or serious physical injury. *See Jackson v. Taylor*, 153 S.W.3d 842 (Ky. App.2004). In the present case, the judgment reflects that Fambrough pled guilty to sodomy in the first degree. This was sufficient to put DOC on notice that the violent offender statute applied to him. DOC correctly classified Fambrough as a violent offender pursuant to KRS 439.3401(1) despite the absence of the "death or serious physical injury" language from the trial court's judgment. Thus, the Franklin Circuit Court properly denied Fambrough's petition for declaratory judgment.

The judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.