**Mike D. WATHAL, Appellant,**

v.

**Melissa HARROD and John D. Rees, Appellees.**

**No. 2006–CA–001378–MR.**

Court of Appeals of Kentucky.

June 22, 2007.

Mike D. Wathal, Burgin, KY, pro se.

Brenn O. Combs, Kentucky Justice & Public Safety Cabinet, Frankfort, KY, for appellees.

Before DIXON, MOORE, and TAYLOR, Judges.

## OPINION

DIXON, Judge.

Mike Wathal, *pro se*, is serving a twenty-year prison sentence for two first degree robbery convictions. Wathal petitioned the Franklin Circuit Court for a declaration of rights, alleging the Department of Corrections (DOC) erroneously designated him as a violent offender pursuant to Kentucky Revised Statutes (KRS) 439.3401. The Franklin Circuit Court denied Wathal's petition, and this appeal followed. We affirm.

Wathal pleaded guilty to first degree robbery and being a persistent felony offender (PFO) first degree in Bullitt Circuit Court in March 2003. He also pleaded guilty to first degree robbery and PFO second degree in Hardin Circuit Court in October 2003. Wathal was sentenced to two concurrent terms of twenty years' imprisonment.

On appeal, Wathal argues his constitutional rights were infringed when the DOC erroneously calculated his parole eligibility under KRS 439.3401 and designated him as a violent offender.[1] Wathal opines he is not a violent offender because neither final judgment recited findings that a "victim suffered death or a serious physical injury." KRS 439.3401(1). Wathal also contends the DOC should have calculated his parole eligibility pursuant to 501 KAR 1:030(3)(1)(b).

In 2002, the legislature amended KRS 439.3401 to specifically include first degree robbery as a stand-alone violent offense. When Wathal pled guilty to first degree robbery, he automatically became a violent offender under the plain meaning of the statute. Accordingly, as the statute applies to Wathal, it reads: "[a]s used in this section,'violent offender' means any person who has been convicted of or pled guilty to the commission of ... [r]obbery in the first degree." KRS 439.3401(1)(1).

We also point out that Wathal's emphasis on the Bullitt and Hardin courts' failure to state that death or serious physical injury occurred is misplaced. The statute requires the sentencing court to note whether death or serious physical injury occurred only if the crime is a Class B felony not otherwise delineated in the statute. KRS 439.3401(1)(c). Since first degree robbery is clearly listed in the statute as a violent offense, Wathal's claim is without merit.

Finally, Wathal contends the DOC failed to follow its own administrative regulation, 501 KAR 1:030(3)(1)(b), to calculate his parole eligibility. The regulation states that 85% of the inmate's sentence must be served when the crime is a "Class B felony where the elements of the offense or the judgment of the court demonstrate that the offense involved death or serious physical injury to the victim...." Wathal argues, under this regulation, he cannot be required to serve 85% of his sentence because his convictions for first degree robbery did not involve death or serious physical injury. We disagree.

In this case, the DOC regulation is in conflict with the violent offender statute.

---

1. A person designated as a violent offender must serve at least 85% of his sentence before being eligible for parole. KRS 439.3401(3).

"[I]t is axiomatic that the grant of the power to make regulations does not authorize an administrative agency to adopt regulations which are contrary to legislative policy as expressed in the statutes." *Kentucky Alcoholic Beverage Control Bd. v. Anheuser–Busch, Inc.,* 574 S.W.2d 344, 345 (Ky.App.1978). Accordingly, it is clear that KRS 439.3401 controls, and the DOC properly calculated Wathal's sentence pursuant to KRS 439.3401(3).

For the reasons stated herein, the order of Franklin Circuit Court is affirmed.

ALL CONCUR.