RENDERED: OCTOBER 20, 2020
TO BE PUBLISHED

# Supreme Court of Kentucky

2018-SC-0403-DG

KENNETH LEE                                                 APPELLANT

v.
               ON REVIEW FROM COURT OF APPEALS
                      CASE NO. 2017-CA-1216-MR
                   LYON CIRCUIT COURT NO. 16-CI-00149

KENTUCKY DEPARTMENT OF                        APPELLEE
CORRECTIONS

**OPINION OF THE COURT BY JUSTICE HUGHES**

**<u>AFFIRMING</u>**

Appellant Kenneth Lee, having been convicted of twelve counts of first-degree robbery, qualifies as a violent offender under Kentucky Revised Statute (KRS) 439.3401(1) and was classified as such by the Kentucky Department of Corrections (DOC). Because the Jefferson Circuit Court did not state in its judgment that any of Lee's victims suffered serious physical injury or death, Lee petitioned Lyon Circuit Court to declare his violent offender classification unconstitutional. The Lyon Circuit Court denied the petition and the Court of Appeals affirmed that decision. On discretionary review, we conclude *Benet v. Commonwealth*, 253 S.W.3d 528 (Ky. 2008), accurately interprets the requirements of KRS 439.3401(1) for violent offender status, overrule the portion of *Pate v. Department of Corrections*, 466 S.W.3d 480 (Ky. 2015), which

is inconsistent with *Benet*, and affirm the Court of Appeals. Simply put, a defendant convicted of robbery in the first degree qualifies as a violent offender pursuant to KRS 439.3401(1) regardless of whether the victim suffered serious physical injury or death and regardless of whether the trial court's judgment addresses the victim's status. Consequently, the DOC properly classified Lee as a violent offender.

## FACTUAL AND PROCEDURAL BACKGROUND

Kenneth Lee pled guilty to twelve counts of robbery in the first degree, a Class B felony.[1] From the record before us, it appears none of Lee's victims suffered serious physical injury or death.[2] The Jefferson Circuit Court judgment convicting him and sentencing him to fifteen years in prison was entered October 29, 2015. Although the judgment made no explicit reference

---

[1] KRS 515.020 provides:

(1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:

(a) Causes physical injury to any person who is not a participant in the crime; or

(b) Is armed with a deadly weapon; or

(c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

(2) Robbery in the first degree is a Class B felony.

[2] Lee's *pro se* memorandum in support of his petition for a declaration of rights conveys that the facts of his case do not involve a victim suffering serious physical injury or death. Lee's appellate brief, prepared by counsel, also states the victims did not suffer serious physical injury or death. The DOC does not dispute this statement.

to "violent offender" status or KRS 439.3401, it did note that Lee "is not eligible for probation or shock probation and must serve 85% of his sentence before meeting the parole board." These are the primary consequences of violent offender status.

One year later, Lee, *pro se*, filed a KRS 418.040 petition for declaration of rights in Lyon Circuit Court asking the court to declare the DOC's classification of him as a violent offender unconstitutional and seeking an order requiring the DOC to reclassify him as a non-violent offender. Lee primarily relied on *Pate*, noting its seeming inconsistency with *Benet*. Lee acknowledged that *Benet* holds that a defendant automatically becomes a violent offender at the time of his conviction of an offense specifically enumerated in KRS 439.3401(1), regardless of whether the final judgment contains a designation about the victim suffering serious physical injury or death. He emphasized, however, that language in the then recently-decided *Pate* opinion suggested otherwise. The DOC moved the Lyon Circuit Court to dismiss Lee's petition for failure to state a claim upon which relief can be granted. The Lyon Circuit Court granted the DOC's motion, citing the language of KRS 439.3401(1), which clearly provides that one who commits first-degree robbery is a violent offender, and *Benet*. The Lyon Circuit Court also denied Lee's subsequent motion to alter, amend or vacate the judgment.

On Lee's appeal, the Court of Appeals affirmed the circuit court's dismissal, concluding in part that Lee's reliance on *Pate* is misplaced. The Court of Appeals interpreted KRS 439.3401(1) as requiring the trial court to

3

state in its judgment that the victim suffered serious physical injury or death if such injury or death occurred but concluded such finding of death or serious physical injury is not a prerequisite to classifying a person as a violent offender under KRS 439.3401(1) unless otherwise specified. For example, in KRS 439.3401(1)(c) a violent offender includes a person who has been convicted of or who pled guilty to "[a] Class B felony involving the death of the victim or serious physical injury to a victim." In that instance, a finding of death or serious physical injury would be required. Lee, however, qualifies as a violent offender under KRS 439.3401(1)(m) which simply states: "Robbery in the first degree."

Lee moved for discretionary review, asking this Court to clarify the conflict between *Pate* and *Benet*. We granted discretionary review to resolve whether the Lyon Circuit Court properly dismissed Lee's petition under Kentucky Rule of Civil Procedure (CR) 12.02(f) as a matter of law. The issue before us is whether under KRS 439.3401(1) the DOC properly classified Lee as a violent offender when the Jefferson Circuit Court judgment did not state that any of Lee's victims suffered death or serious physical injury.[3] For the reasons

---

[3] Lee filed a motion for summary judgment after the Lyon Circuit Court denied the DOC's motion to dismiss for failure to exhaust administrative remedies. The Lyon Circuit Court entered an order establishing a deadline for the DOC's response to the summary judgment motion. The Lyon Circuit Court then denied Lee's motion for summary judgment, allowing the DOC's untimely response, the CR 12.02(f) motion to dismiss. Lee appealed the Lyon Circuit Court's decision to permit the DOC to file the belated motion to dismiss to the Court of Appeals. Lee did not seek discretionary review of the Court of Appeals' decision that the Lyon Circuit Court did not abuse its discretion by not striking the DOC's CR 12.02(f) motion to dismiss.

4

explained below, we conclude the classification is proper and thus affirm both the Court of Appeals and Lyon Circuit Court.

## ANALYSIS

Confronted with a CR 12.02(f) motion to dismiss for failure to state a claim, the trial court must assume the truth of all facts pled in the complaint and determine whether, given proof of those facts, the plaintiff would be entitled to relief. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). The motion presents "a pure question of law" and our review is de novo. *Id.* Statutory construction, which is the focus of the case before us, is also a matter for de novo review, *Cumberland Valley Contractors, Inc. v. Bell Cty. Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007), and accordingly, we look anew at this issue, respectfully considering the opinions of the lower courts but without deference to their legal conclusions.

KRS 439.3401 defines a "violent offender" for sentencing purposes and sets the minimum time a violent offender must serve before being eligible for parole. Originally enacted in 1986,[4] KRS 439.3401(1) stated in relevant part as

---

[4] KRS 439.3401(1) has been amended multiple times: 1998, 2002, 2006, 2007, 2013, 2018, and 2019. Its wording at enactment and upon amendment in 1998 follows. The 1998 amendment included the addition of the final sentence which is at issue in this case.

1986 Ky. Acts ch. 358, § 1:

As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the commission of a capital offense, Class A felony, or Class B felony involving the death of the victim, or rape in the first degree or sodomy in the first degree of the victim, or serious physical injury to a victim.

1998 Ky. Acts ch. 606, § 77:

5

follows when Lee was convicted in 2015:

> As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the commission of:
>
> (a) A capital offense;
>
> (b) A Class A felony;
>
> (c) A Class B felony involving the death of the victim or serious physical injury to a victim;
>
> . . .; or
>
> (m) Robbery in the first degree.
>
> The court shall designate in its judgment if the victim suffered death or serious physical injury.

2015 Ky. Acts ch. 66, § 19.

Lee, relying on *Pate*, 466 S.W.3d 480, argues that because the October 29, 2015 judgment did not make the required finding under KRS 439.3401(1) as to any of the victims of his twelve counts of first-degree robbery suffering serious physical injury or death, the DOC improperly classified him as a violent offender. Lee's classification as a violent offender pursuant to KRS 439.3401 has significant consequences because that status will require him to serve 85%

---

As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the commission of a capital offense, Class A felony, or Class B felony involving the death of the victim or serious physical injury to a victim, or rape in the first degree or sodomy in the first degree of the victim. The court shall designate in its judgment if the victim suffered death or serious physical injury.

of his sentence before becoming eligible for parole.[5,6]  The DOC counters that KRS 439.3401(1) does not require a finding relative to the victim when the offender is convicted of first-degree robbery, a crime specifically listed in subsection (m).

Lee's request for relief is premised entirely on language in *Pate* that appears contradictory to *Benet*, 253 S.W.3d 528.  In particular, Lee argues that *Pate*, 466 S.W.3d at 489-90, requires the final judgment to designate whether or not the victim suffered death or serious physical injury before violent offender status can attach while *Benet*, 253 S.W.3d at 533, holds that designation in the final judgment regarding the victim is unnecessary for classification purposes, violent offender status being a function of the crime for which the defendant was convicted not the language in the trial court's judgment.

This Court, in both *Pate* and *Benet*, scrutinized KRS 439.3401(1) as amended in 2002.[7]  At that time the statute stated:

---

[5] KRS 439.3401(3)(a) states: "A violent offender who has been convicted of a capital offense or Class A felony with a sentence of a term of years or Class B felony shall not be released on probation or parole until he has served at least eighty-five percent (85%) of the sentence imposed."

[6] The DOC Kentucky Administrative Regulations (KAR) provide that for a sentence of a number of years, a violent offender is eligible for parole after serving 85% of the sentence received or 20 years, whichever is less.  501 KAR 1:030 § 3(1)(e)4 (applying to felony crimes committed on or after June 26, 2007).  Non-violent offenders are eligible for parole after serving 20% of the sentence received.  501 KAR 1:030 § 3(1)(c) (applying to felony offenses committed after December 3, 1980 and sentences ranging from 2 to 39 years).

[7] *See Benet*, 253 S.W.3d at 530 n.1 (The 2008 *Benet* opinion indicated that KRS 439.3401(1), as amended in 2002, was in effect at the time of Benet's conviction, but the opinion quoted the then-current version enacted in 2007 because the Court

7

As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the commission of a capital offense, Class A felony, or Class B felony involving the death of the victim or serious physical injury to a victim, or rape in the first degree or sodomy in the first degree of the victim, burglary in the first degree accompanied by the commission or attempted commission of a felony sexual offense in KRS Chapter 510, burglary in the first degree accompanied by the commission or attempted commission of an assault described in KRS 508.010, 508.020, 508.032, or 508.060, burglary in the first degree accompanied by commission or attempted commission of kidnapping as prohibited by KRS 509.040, or robbery in the first degree. The court shall designate in its judgment if the victim suffered death or serious physical injury.

2002 Ky. Acts ch. 120, § 2.[8]

_____

believed that the amendments that occurred after Benet's sentencing would not substantively change the result of the opinion.); *Pate*, 466 S.W.3d at 486.

[8] In 2006, the General Assembly further delineated the crimes which qualify a criminal defendant as a violent offender. With the 2006 amendment, KRS 439.3401(1) took its present format of listing the defining crimes in a linear fashion. As revised in 2006, KRS 439.3401(1) stated:

As used in this section, "violent offender" means any person who has been convicted of or pled guilty to the commission of:

(a) A capital offense;

(b) A Class A felony;

(c) A Class B felony involving the death of the victim or serious physical injury to a victim;

(d) The commission or attempted commission of a felony sexual offense in KRS Chapter 510;

(e) Use of a minor in a sexual performance as described in KRS 531.310;

(f) Promoting a sexual performance by a minor as described in KRS 531.320;

(g) Unlawful transaction with a minor in the first degree as described in subsection (1)(a) of Section 38 of this Act;

(h) Promoting prostitution in the first degree as described in KRS 529.030(1)(b);

In *Pate*, a jury found the defendant guilty of manufacturing methamphetamine, second offense, a Class A felony. 466 S.W.3d at 483. When Pate began serving his sentence, the DOC classified him as a non-violent offender. *Id.* at 484. Four years later, in 2006, the General Assembly amended KRS 439.3401(1) and the DOC changed Pate's status to a violent offender. *Id.* Before the 2006 amendment, at least as to Pate and some other inmates,[9] the DOC interpreted the following language – "As used in this section, 'violent offender' means any person who has been convicted of or pled guilty to the commission of a capital offense, Class A felony, or Class B felony involving the death of the victim or serious physical injury to a victim . . . ." – to mean a

___

(i) Criminal abuse in the first degree as described in KRS 508.100;

(j) Burglary in the first degree accompanied by the commission or attempted commission of an assault described in KRS 508.010, 508.020. 508.032, or 508.060;

(k) Burglary in the first degree accompanied by commission or attempted commission of kidnapping as prohibited by KRS 509.040; or

(l) Robbery in the first degree.

The court shall designate in its judgment if the victim suffered death or serious physical injury.

2006 Ky. Acts ch. 182, § 27.

Other amendments after 2006 have not changed fundamental content of KRS 439.3401(1), which defines a violent offender by conviction of certain crimes and directs the trial court to designate in its judgment if the victim suffered death or serious physical injury. In 2007, item (h) was revised, 2007 Ky. Acts ch. 19, § 11; in 2013, a new item (d) was added, 2013 Ky. Acts ch. 101, § 1; in 2018, a new item (e) was added, 2018 Ky. Acts ch. 89, § 15 and ch. 115, § 10; and in 2019, items (d) and (e) were revised, 2019 Ky. Acts ch. 136, § 1.

[9] DOC personnel provided affidavit testimony which indicated KRS 439.3401(1) was not applied consistently across offenders. 466 S.W.3d at 489-90.

9

violent offender includes any person convicted of a capital offense, Class A felony, or Class B felony, as long as the victim of the crime suffered death or serious physical injury.[10]  *Id.* at 486.  After the 2006 amendment, the DOC concluded that Pate's Class A felony conviction standing alone was sufficient to qualify him as a violent offender.  *Id.* at 484.  Pate's argument that the 2006 amendment to KRS 439.3401 constituted an *ex post facto* violation as applied to him was unsuccessful before the Franklin Circuit Court and the Court of Appeals, *id.* at 484-85, and also before this Court, *id.* at 488-89.

On Pate's appeal to this Court, we first analyzed whether KRS 439.3401(1), as amended in 2002, rendered Pate a non-violent offender because if not, the 2006 amendment was not an unconstitutional retrospective application.  *Id.* at 488.  In that context, we stated:

> In viewing KRS 439.3401 in its entirety, this Court believes that the General Assembly had the intent of categorizing all Class A felonies as violent offenses, not just those wherein the victim suffered death or serious physical injury.  There is no requirement that the Class A crime have a victim who suffers death or serious physical injury.  Only the Class B felonies require it.  Those Class B felonies include first-degree rape, first-degree sodomy, first-degree robbery, and first-degree burglary when accompanied by a felony sexual offense, assault, or kidnapping.

*Id.* at 488-89.

Lee argues that the foregoing Class B felony discussion in *Pate* supports his argument that he was improperly designated a violent offender.

---

[10] This is also the interpretation that the detective testifying during Pate's sentencing phase, Pate's trial counsel, and the Commonwealth's attorney applied.  *Id.* at 483, 486.

10

Emphasizing that *Pate* is this Court's most recent holding on the subject, he insists a final judgment convicting someone of a Class B felony, specifically enumerated or not within KRS 439.3401(1), must include a designation by the sentencing court that indicates that the victim suffered death or serious physical injury in order for that defendant to be classified as a violent offender.

The DOC counters that the above-quoted statement from *Pate* regarding Class B felonies is dicta as it was not necessary to the determination of the issues before this Court, Pate having been convicted of a single Class A felony. Affirming the Lyon Circuit Court in this case, the Court of Appeals agreed that *Pate*'s discussion of Class B felonies is dicta and further explained that when an offender commits any of the specific offenses enumerated in KRS 439.3401(1), that commission alone renders the defendant a violent offender, not the inclusion of specific language in the judgment. The appellate court noted that this was the holding of this Court in *Benet*, an earlier, on-point case which *Pate* never addressed, much less overruled. While we cannot agree that any part of the statutory construction discussion in *Pate* was dicta – the import of the death or serious physical injury designation being central to the issue before the Court – we agree with the Court of Appeals that the above-quoted statement regarding Class B felonies is inconsistent with a proper construction of KRS 439.3401 as this Court thoroughly explained in *Benet*.[11] Accordingly that small portion of *Pate* that conflicts with *Benet* is overruled.

---

[11] As noted by the Court of Appeals, the quoted statement is also inconsistent with *Pate*'s statement in the preceding paragraph that "KRS 439.3401 enumerated

11

In *Benet*, a jury found the defendant guilty of first-degree sodomy, a Class B felony,[12] and first-degree sexual abuse.[13] *Id.* at 529. Before sentencing, the Commonwealth filed a motion asking the trial court to make a finding that Benet was a violent offender under KRS 439.3401, but the trial court's final judgment did not address Benet's offender status. *Id.* at 530-31.

On appeal, Benet argued that he could not be classified as a violent offender under KRS 439.3401 because the trial court's final judgment did not specifically designate him as a violent offender. Citing our agreement with *Wathal v. Harrod*, 229 S.W.3d 599, 600 (Ky. App. 2007),[14] this Court stated that "a defendant automatically becomes a violent offender at the time of his or her conviction of an offense specifically enumerated in KRS 439.3401(1) regardless of whether the final judgment of conviction contains any such designation," and concluded that at least for purposes of the appeal, the trial court's failure to designate Benet as a violent offender in the final judgment was of no legal significance. *Benet*, 253 S.W.3d at 533.

---

general offenses followed by more specific offenses, which if committed, rendered the criminal a violent offender."

[12] KRS 510.070(2): "Sodomy in the first degree is a Class B felony unless the victim is under twelve (12) years old or receives a serious physical injury in which case it is a Class A felony."

[13] KRS 510.110(2): "Sexual abuse in the first degree is a Class D felony, unless the victim is less than twelve (12) years old, in which case the offense shall be a Class C felony."

[14] *Wathal* analyzed KRS 439.3401(1) as amended in 2002. *Id.*

12

The parties here do not assert that the version of KRS 439.3401(1) in effect in 2015 is ambiguous. Instead, they disagree as to the effect of the statute's plain and unambiguous final statement that "[t]he court shall designate in its judgment if the victim suffered death or serious physical injury" as it relates to the list of crimes in subsections (a) through (m) which define a violent offender. Lee contends, citing *Pate*, that a court's judgment convicting a defendant of a Class B felony, whether listed specifically in KRS 439.3401(1) – as robbery in the first degree clearly is – or not, must include a designation indicating a victim suffered death or serious physical injury in order for the defendant to be classified as a violent offender. He insists this interpretation is the most logical, especially considering the charge of first-degree robbery. Specifically, he notes that an individual can be convicted of first-degree robbery by either using or merely threatening to use physical force, when he also "(a) Causes physical injury to any person who is not a participant in the crime; or (b) Is armed with a deadly weapon; or (c) Uses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime." KRS 515.020(1). Because two different individuals – one who actually causes physical injury versus one who does not – can be convicted of the same crime, he contends it makes sense to distinguish between the two individuals for violent offender classification purposes.

The DOC, on the other hand, citing *Benet* and *Fambrough v. Department of Corrections*, 184 S.W.3d 561 (Ky. App. 2006), points to the plain language of the statute and argues that as each of the listed offenses independently make

13

the convicted defendant a "violent offender," and only KRS 439.3401(1)(c) depends upon whether the victim suffered death or serious physical injury, it would be absurd to require the trial court's judgment to make the death or serious physical injury designation for every other crime listed in subsections (a) through (m) because the designation is irrelevant. The DOC essentially suggests that the last sentence of KRS 439.3401(1) should be interpreted as "The court shall designate in its judgment if the victim suffered death or serious physical injury only when KRS 439.3401(1)(c) is applicable." While we conclude Lee overstates the import of the "death or serious physical injury" designation, we conclude the DOC's position understates it.

When construing a statute, we first examine the language found in the statute to discern the legislature's intent. *Stephenson v. Woodward*, 182 S.W.3d 162, 169-70 (Ky. 2005) (citations omitted). Under the plain meaning rule, when the language of a statute is clear and unambiguous, we need not look beyond it for further indications of legislative intent. *Richardson v. Louisville/Jefferson Cty. Metro Gov't*, 260 S.W.3d 777, 779 (Ky. 2008). Furthermore, when the statute is unambiguous, courts are not free to insert words or add a provision even if it may be just or desirable to do so. *AIK Selective Self-Ins. Fund v. Minton*, 192 S.W.3d 415, 418 (Ky. 2006) (citation omitted). Also, "[a] legislature making no exceptions to the positive terms of a statute is presumed to have intended to make none." *Bailey v. Reeves*, 662 S.W.2d 832, 834 (Ky. 1984) (citing *Commonwealth v. Boarman*, 610 S.W.2d 922 (Ky. App. 1980)). However, courts may decline to follow a statute's plain, literal

14

terms in order to avoid an absurd result. *Id.* An absurd result does not mean an odd result but a result so unreasonable that the legislature could not have intended it. *See Owen v. Univ. of Kentucky*, 486 S.W.3d 266, 273 (Ky. 2016). Here, although the DOC's absurdity argument may initially appear valid, we find a straightforward reading of KRS 439.3401(1) does not create a result so absurd that would justify deviation from the plain language of the statute.

The General Assembly decided that violent offenders, as defined, must serve a greater portion of their sentence than non-violent offenders before becoming eligible for parole. *See* KRS 439.3401. In conjunction with KRS 439.3401(1), the trial court's judgment puts the DOC on notice that the violent offender statute applies to a particular defendant. *See Newcomb v. Commonwealth*, 410 S.W.3d 63, 89 n.93 (Ky. 2013); *Fambrough*, 184 S.W.3d at 563. The statute's final statement, "The court shall designate in its judgment if the victim suffered death or serious physical injury," is not limited to convictions for only certain of the designated violent offender crimes. Instead, it is a simple declaratory statement that requires the judgment to include the designation in all cases in which it applies, i.e., any case that falls under KRS 439.3401 in which a victim suffered either death or serious physical injury. We note that even though the General Assembly has amended KRS 439.3401(1) multiple times to add and modify offenses which define a violent offender, it has yet to amend the final judgment designation requirement. Although the requirement may seem odd relative to the General Assembly's declaration that conviction of specific crimes automatically defines one as a

15

violent offender, the requirement is not so unreasonable that the legislature could not have intended to maintain it.

Statutory interpretation principles thus lead us once again to the interpretation announced in *Benet.* Although not addressed by the parties in the instant case, in *Benet,* along with pronouncing agreement with *Wathal,* 229 S.W.3d at 600, that "a defendant automatically becomes a violent offender at the time of his or her conviction of an offense specifically enumerated in KRS 439.3401(1) regardless of whether the final judgment of conviction contains any such designation," we also explained in a footnote that:

> The trial court is required to designate in its judgment that a victim suffered death or other serious physical injury. KRS 439.3401(1). Since the victim in this case did not suffer death or a serious physical injury, the trial court was not required to make any such designation in Benet's final judgment.
>
> On a closely related note, however, we disagree with *Wathal*'s conclusion that a trial court is required to designate in its final judgment that a victim either died of received a serious physical injury "only if the crime is a Class B felony not otherwise delineated in the statute. KRS 439.3401[(1)](c)." 229 S.W.3d at 600. Rather, we find that the trial court is required to designate in its judgment that a victim suffered death or other serious physical injury whenever a defendant is convicted of any of the offenses listed in KRS 439.3401(1).

*Benet,* 253 S.W.3d at 533 n.19. Thus, despite one automatically becoming a violent offender at the time of his conviction of any of the crimes listed in KRS 439.3401(1), the plain language of the statute also requires the trial court to indicate in its judgment that a victim suffered death or serious physical injury whenever the facts of the case support that finding. The Court of Appeals,

16

although not citing *Benet*, reached a similar conclusion.[15] Whatever the General Assembly's rationale for this requirement, it unquestionably provides notice in the judgment of additional facts relevant to the defendant's conviction and, significantly, is mandated by clear and unambiguous language in KRS 439.3401(1) that the courts are not free to ignore.

## CONCLUSION

Lee was convicted of one of the enumerated crimes in KRS 439.3401(1), specifically twelve counts of first-degree robbery. Upon conviction, he automatically became a violent offender and because none of his victims suffered serious physical injury or death, the trial court was not required to make any such designation in Lee's final judgment. The DOC's classification of Lee as a violent offender based upon his first-degree robbery convictions was legally correct. Accordingly, the trial court properly dismissed Lee's declaration of rights petition and the Court of Appeals properly affirmed that decision. On these grounds, we affirm the Court of Appeals.

Minton, C.J.; Hughes, Keller, Nickell, VanMeter, and Wright, JJ., concur. Lambert, J., not sitting.

---

[15] The Court of Appeals stated that under KRS 439.3401(1) "[t]he court shall designate in its judgment if the victim suffered death or serious physical injury," and this "merely means that a trial court shall make note of [serious] physical injury or death in its judgment, *if* such injury or death occurred."

17

COUNSEL FOR APPELLANT:

Andrea Lynn Reed
Assistant Public Advocate
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Allison Rene Brown
General Counsel
Department of Corrections